**UNITED STATES, Appellee,**

v.

**Private E1 Heather M. CHRISTENSEN, 507–21–4175, United States Army, Appellant.**

**ARMY 9600239.**

U.S. Army Court of Criminal Appeals.

11 Feb. 1997.

For Appellant: Captain Mark A. Bridges, JA (argued); Major J. Frank Burnette, JA (on brief); Lieutenant Colonel Michael L. Walters, JA; Major Leslie A. Nepper, JA.

For Appellee: Captain Mary E. Braisted, JA (argued); Colonel John M. Smith, JA; Lieutenant Colonel Eva M. Novak, JA; Captain Joanne P. Tetreault, JA (on brief).

Before TOOMEY, RUSSELL, and CARTER Appellate Military Judges.

OPINION OF THE COURT

CARTER, Judge:

A military judge sitting as a general court-martial convicted the appellant, pursuant to her pleas, of malingering, larceny (five specifications), and making and uttering worthless checks (four specifications) in violation of Articles 115, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 915, 921, and 934 (1988) [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for two years, and forfeiture of $400.00 pay per month for twenty-four months. This case is before the court for automatic review under Article 66, UCMJ.

The appellant asserts that the convening authority did not approve the findings of guilty as to Specifications 3 and 4 of Charge III, and that the military judge erred in finding her guilty of larceny of property of a "value of more than $100.00" with respect to Specification 2 of Charge II. We agree.

## I. CONVENING AUTHORITY'S INCOMPLETE ACTION REGARDING FINDINGS OF GUILTY

■ The staff judge advocate (SJA) prepared a written recommendation to the convening authority as required by Rule for Courts–Martial 1106 [hereinafter R.C.M.]. The SJA's recommendation mentioned only the first two of the four specifications of making and uttering worthless checks (Specifications 1–4 of Charge III). The military judge convicted the appellant of Specifications 1–4 and dismissed Specification 5 of Charge III. In his action, the convening authority approved the sentence, without expressly mentioning the findings. The promulgating order in this case lists all five specifications of Charge III and their correct disposition at trial. Appellant argues that this court should dismiss Specifications 3 and 4 of Charge III citing *United States v. Diaz,* 40 M.J. 335 (C.M.A.1994).

■ A convening authority "is not required" to take explicit action to approve findings of guilty. Art. 60(c)(3), UCMJ; R.C.M. 1107(c). However, a convening authority's decision to disapprove a finding of

guilty must be stated in writing in his "action" and be personally signed by the convening authority. R.C.M. 1107(f)(1) and (3). "When the action of the convening . . . authority . . . is incomplete, ambiguous, or contains clerical error, . . . [he] may be instructed by an authority acting under Article 64, 66, 67, or 69 to withdraw the original action and substitute a corrected action." R.C.M. 1107(g). Absent contrary evidence, when a convening authority does not expressly address findings in his action, he approves only those findings of guilty reported in the SJA's R.C.M. 1106 recommendation. *Diaz,* 40 M.J. at 337.

The SJA recommendation in this case did not mention Specifications 3 or 4 of Charge III. There is no competent evidence in the record of trial or otherwise before this court to indicate that the convening authority was aware of the findings of guilty concerning these two specifications at the time of his action. Accordingly, we find that the convening authority neither approved nor disapproved the findings of guilty to Specifications 3 and 4 of Charge III.

We may return this incomplete action to the convening authority under R.C.M. 1107(g) for a corrected action. Our other option, under our Article 66(c), UCMJ powers, is to declare the unapproved findings of guilty incorrect in law and dismiss their specifications. *See Diaz,* 40 M.J. at 345 and *United States v. Barina,* 6 C.M.R. 655, 656, 1952 WL 2446 (A.F.B.R.1952). We agree with counsel for both parties that, under the facts of this case, the most appropriate remedy is dismissal rather than returning the case under R.C.M. 1107(g) to appellant's current convening authority for a new SJA recommendation, defense response, and corrected action.

The appellant asks for no sentence relief, nor is any warranted under these circumstances. *See Diaz,* 40 M.J. at 345. Dismissal of these lawfully adjudicated findings of guilty is a windfall to the appellant as a result of inadequate attention to detail in the government's post-trial processing of the case. The convening authority, without knowledge of Specifications 3 and 4 of Charge III, approved the adjudged sentence

as one appropriate for the approved findings. Under Article 66(c), UCMJ, we also find the sentence appropriate for the approved findings.

## II. LARCENY OF PROPERTY OF A "VALUE OF MORE THAN $100.00"

■ Appellant was convicted of larceny of a total of $180.00 by using an automatic teller machine card to withdraw money from another soldier's bank account, on divers occasions, between 3 and 9 January 1995. Neither the guilty plea inquiry nor the stipulation of fact indicate how many times appellant used the card or how much money was withdrawn on each occasion. "For an accused to be convicted of larceny of property having a value of over $100.00, the record must show either that one item of the property stolen has such a value or that several items taken at substantially the same time and place have such an aggregate value." *United States v. Rupert*, 25 M.J. 531, 532 (A.C.M.R.1987). This record contains no such evidence. We will correct the findings to indicate larceny of U.S. currency of a value of less than $100.00 and reassess the sentence.

## III. DISPOSITION

We have reviewed the matters personally raised by the appellant under *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them to be without merit. The court affirms only so much of the finding of guilty of Specification 2 of Charge II as finds that the appellant did, at or near Fort Hood, Texas, between on or about 3 January 1995 and 9 January 1995, on divers occasions, steal U.S. currency of a value of less than $100.00, the property of Private E1 Tondelay P. Triche. As previously stated, the findings of guilty of Specifications 3 and 4 of Charge III are incorrect in law because they were not approved by the convening authority. In the interest of judicial economy, Specifications 3 and 4 of Charge III are dismissed. The remaining findings of guilty are affirmed.

Reassessing the sentence based on the error noted concerning Specification 2 of Charge II and the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for twenty-two months, and forfeiture of $400.00 pay per month for twenty-four months.

Senior Judge TOOMEY and Judge RUSSELL concur.