UNITED STATES, Appellee,

v.

Private First Class Jeremiah D. HARDING, United States Army, Appellant.

ARMY 20020454.

U.S. Army Court of Criminal Appeals.

29 April 2005.

For Appellant: Colonel Robert D. Teetsel, JA; Lieutenant Colonel Mark Tellitocci, JA; Major Allyson G. Lambert, JA; Captain Robert E. Desmond, JA (on brief).

For Appellee: Lieutenant Colonel Mark L. Johnson, JA; Major Kerry E. Maloney, JA (on brief).

Before MERCK, Senior Judge, JOHNSON, and MOORE, Appellate Military Judges.

## OPINION OF THE COURT

MERCK, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of larceny in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and confinement for twenty-four months. The convening authority approved only so much of the sentence as provides for a bad-conduct discharge and confinement for twenty-one months.

This case is before the court for review pursuant to Article 66, UCMJ, 10 U.S.C. § 866. We have considered the record of

trial, appellant's assignments of error, the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and the government's response thereto. In his first assignment of error, appellant alleges (1) that the military judge erred in finding appellant guilty of two specifications of larceny of property of a value more than $1,000.00 when the providence inquiry did not establish a sufficient factual basis for those offenses, and (2) the military judge consequently erred in adjudging a sentence in excess of the maximum sentence allowed for two specifications of larceny of property of a value of $100.00 or less. The government argues, however, that we can look to the sentencing testimony of the victim in this case, Private First Class (PFC) Michael Duffey, to support the providence of appellant's pleas to larceny of currency of over $100.00. We disagree with the government's contention and will grant appropriate relief in our decretal paragraph.

*FACTS*

Appellant pled guilty to, and was convicted of, two specifications of larceny[1] alleging:

In that Private First Class Jeremiah D. Harding, U.S. Army, did, at or near Wuerzburg, Germany and Hoenfels, Germany,[2] on or about between 24 August 2001 and about 31 October 2001, on divers occasions, steal currency, of a value of more than $1,000.00, the property of Private First Class Michael J. Duffey.

In that Private First Class Jeremiah D. Harding, U.S. Army, did, at or near Wuerzburg, Germany, Hoenfels, Germany, and Frankfurt, Germany, on or about between 01 November 2001 and about 10 December 2001, on divers occasions, steal

currency, of a value of more than $1,000.00, the property of Private First Class Michael J. Duffey.

In explaining the elements of the first offense to appellant, the military judge stated, "[T]he third element here is that the property was of a value of more than $1,000.00. Do you understand that?" Appellant answered, "Yes, sir" and agreed that was a true statement. This exchange was essentially repeated during the military judge's explanation of the elements of the second specification of larceny.

During the providence inquiry, appellant testified under oath about the facts and circumstances of the alleged offenses.[3] Appellant admitted that he had taken PFC Duffey's automatic teller machine (ATM) card and used it on multiple occasions to withdraw money from PFC Duffey's bank account. For each specification, the military judge asked appellant how much money appellant took from the ATM. In each instance, appellant responded, "Over a thousand dollars." However, appellant never admitted that the amount taken at any one time was greater than $100.00. The military judge found appellant guilty of two specifications of larceny on divers occasions of currency of a value greater than $1,000.00.

*LAW*

Article 45, UCMJ, 10 U.S.C. § 845, states that "[i]f an accused after arraignment makes an irregular pleading or after a plea sets up matter inconsistent with the plea, or if it appears that he has entered the plea of guilty improvidently or through lack of understanding of its meaning and effect, . . . a

1. The elements of larceny are:
   (a) That the accused wrongfully . . . obtained . . . certain property from the possession of the owner or of any other person;
   (b) That the property belonged to a certain person;
   (c) That the property was of a certain value, or of some value; and
   (d) That the . . . obtaining . . . by the accused was with the intent permanently to deprive or defraud another person of the use and benefit of the property or permanently to appropriate the property for the use of the accused or for any person other than the owner.

*Manual for Courts–Martial, United States* (2000 ed.) [hereinafter MCM], Part IV, para. 46b(1).

2. The specification originally alleged that the larcenies also took place in Frankfurt, Germany. Based on appellant's statements during the providence inquiry, the military judge amended the specification, with the consent of the parties, to remove this language.

3. Appellant pled guilty without the benefit of a pretrial agreement and there was no stipulation of fact between the parties in this case.

plea of not guilty shall be entered in the record . . . ." In order for a plea to be provident, it must be in accord with the facts. *United States v. Davenport,* 9 M.J. 364, 367 (C.M.A.1980). To guard against improvident pleas, our superior court has mandated that the military judge conduct an inquiry "of the accused into the facts and circumstances surrounding the act or acts charged in order to establish a factual basis for the judge's conclusion that the accused is, in fact, guilty." *Id.* at 366 (interpreting *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (1969)).

▇▇▇ The *Care* requirement was partially codified in Rule for Courts–Martial [hereinafter R.C.M.] 910(e), which states that "[t]he military judge shall not accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea. The accused shall be questioned under oath about the offenses." [4] Thus, in order for the providence inquiry to be sufficient, it must establish "not only that the accused himself believes he is guilty but also that the factual circumstances as revealed by the accused himself objectively support that plea." *United States v. Garcia,* 44 M.J. 496, 497–98 (C.A.A.F.1996) (internal quotations omitted). The boundary of those facts which may be considered in establishing the providence of a guilty plea has been expanded to include those facts agreed to by the accused in a stipulation of fact which is admitted at trial. *United States v. Sweet,* 42 M.J. 183, 185–86 (C.A.A.F.1995).

## DISCUSSION

The maximum sentence appellant faced as a result of being found guilty of two specifications of larceny of currency of a value of more than $100.00 included a dishonorable discharge and ten years of confinement. *MCM,* Part IV, para. 46(e)(1)(d). The maximum sentence he could have received had he been convicted of two specifications of larceny of a value of $100.00 or less would have included a bad-conduct discharge and twelve months of confinement. *MCM,* Part IV, para. 46(e)(1)(b).[5] In order for an accused to be convicted of the former offense, and be subject to the greater penalty, "the record must show either that one item of the property stolen has such a value or that several items taken at substantially the same time and place have such an aggregate value." *United States v. Christensen,* 45 M.J. 617, 619 (Army Ct.Crim.App.1997) (quoting *United States v. Rupert,* 25 M.J. 531, 532 (A.C.M.R.1987)). The military judge failed to elicit facts during the providence inquiry to support either circumstance in this case.

During sentencing, PFC Duffey described a series of unauthorized ATM withdrawals made from his account by appellant, several of which were greater than $100.00. Based on this evidence, the government asserts that we can affirm the findings of the court-martial as approved by the convening authority. In support of its argument, the government cites *United States v. Gonzalez,* 60 M.J. 572 (Army Ct.Crim.App.2004), where we stated that "our superior court has not specifically precluded us from considering extra-record matters in our review of guilty plea cases." *Gonzalez,* 60 M.J. at 574. In that case, however, we considered the allied papers only "to ensure that appellant received effective assistance of counsel" and to determine whether facts existed which conflicted with appellant's pleas of guilty. *Id.* at 575. Therefore, *Gonzalez* does not stand for the general proposition that evidence outside the providence inquiry or the stipulation of fact can be used to support an otherwise improvident guilty plea.

The government also relies on *United States v. Barton,* 60 M.J. 62 (C.A.A.F.2004), in which our superior court stated, "When considering the adequacy of the plea, this Court considers the entire record to determine whether the dictates of Article 45, UCMJ, 10 U.S.C. § 845 (2000), Rule for Courts–Martial 910, and *Care* and its progeny have been met." *United States v. Barton,* 60 M.J. 62, 64 (C.A.A.F.2004) (citing *United*

---

4. The discussion to this rule indicates that "the accused must be convinced of, and able to describe all the facts necessary to establish guilt."

5. The threshold value for the greater punishment has since been increased to $500.00. *MCM* (2002 ed.), Part IV, para. 46e(1)(d).

*States v. Jordan,* 57 M.J. 236, 239 (C.A.A.F. 2002)). While a broad reading of this statement could support the government's position, such an interpretation overlooks the fact that our superior court has also required that the providence of a guilty plea must be supported by a factual predicate admitted by the accused on the record.

■ According to established precedent, the dictates of Article 45, UCMJ, R.C.M. 910, and *Care* referenced in *Barton* all require that a guilty plea must be supported by facts admitted by the accused during the providence inquiry. If the military judge fails to elicit, through statements made by the accused during the providence inquiry or a stipulation of fact, a sufficient factual basis to objectively support the plea, no evidence from another source can fill the void left in the factual predicate. Neither *Barton* nor *Jordan* deviated from this mandate.

In *Barton,* the accused was charged with larceny and conspiracy to commit larceny. The court explained the issue by saying:

> Appellant was charged with three specifications of larceny and conspiracy to commit larceny. 'In the interest of time,' the judge elected not to repeat the elements for each offense during his *Care* inquiry, but rather established the relationship of fact to law by cross-referencing his predicate statement of elements. As a result, at no point during the *Care* inquiry regarding [the specification at issue] did Appellant admit in declaratory fashion that he intended to steal more than $100 in merchandise. Nor did the stipulation of fact specify the value in question. Rather, any such admission must be found in Appellant's acknowledgement that he understood the elements of [the specification], which included a value of more than $100, and that his conduct fit the elements of larceny.

*Barton,* 60 M.J. at 65. The court found no error because it was satisfied, based on appellant's responses during the providence inquiry, that appellant understood that the elements of the offense included a property valuation of over $100.00 and that he affirmatively admitted to the military judge that his actions satisfied that element.[6] *Id.*

In *Jordan,* the court set aside a guilty plea in which the accused merely answered affirmatively to the military judge's question of whether his conduct was prejudicial to good order and discipline or service discrediting, without providing a factual basis for that element of the offense. *Jordan,* 57 M.J. at 239. The court explained that to do otherwise would require it to go beyond its precedent and affirm a guilty plea which was supported by "conclusions of law alone." *Id.* The court declined to take the additional step and reiterated that "[t]he plea inquiry must establish the factual predicate for the plea." *Id.* at 239–240. It held that "[t]he factual circumstances revealed by appellant" did not objectively support every element of the offense to which he pled guilty. *Id.* at 240. Likewise, in this case, the factual circumstances revealed by appellant failed to establish the necessary basis to find him guilty of larceny of property over $100.00.

■ We are cognizant that PFC Duffey's testimony persuasively established that appellant's conduct met the requirements for larceny of property over $100.00 for each of the specifications. As a result, this case does not represent one in which the plea was accepted in contravention of the facts. However, this was a guilty plea case in which "the *Care* inquiry is a substitute for a contested trial. By pleading guilty, an accused is relinquishing significant constitutional rights." *Barton,* 60 M.J. at 65 (internal citation omitted). In such cases, our superior court has placed significant value on "the objective of

---

6. The court emphasized that the element in question, property of a value more than $100.00, "is not a complex legal element." *Barton,* 60 M.J. at 65. It is important to note that the same cannot be said in appellant's case. While this case deals with the same element, it is complicated by the decision to charge larceny on "divers occasions" in each of the two specifications, coupled with the prohibition on aggregating the value of property taken during different larcenies. *See Rupert,* 25 M.J. at 532. The military judge did not explain to appellant on the record that at least one of the various larcenies alleged in each specification must have been of currency over $100.00 in order for him to be subject to the greater punishment. As a result, in contrast to *Barton,* we cannot be confident that appellant understood this aspect of the element in question.

having court-martial records reflect fully an awareness by an accused pleading guilty of what he is admitting that he did and intended and of the law that applies to his acts and intentions." *Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059. To that end, it has required that the factual basis supporting a guilty plea come *from the words of the accused;* either his testimony under oath or a written stipulation of fact introduced during the providence inquiry. So long as this remains a mandatory component of providence inquiries in the military justice system, we cannot affirm a guilty plea where the factual basis established through the words of the accused himself does not support a finding of guilt to all the elements of the offense.

Accordingly, the court amends and affirms only so much of the findings of guilty of the Specifications of The Charge as finds that:

Specification 1: In that Private First Class Jeremiah D. Harding, U.S. Army did, at or near Wuerzburg, Germany and Hoenfels, Germany, on or about between 24 August 2001 and about 31 October 2001, on divers occasions, steal currency, of a value of less than $100.00, with a total value of more than $1,000.00, the property of Private First Class Michael J. Duffey.

Specification 2: In that Private First Class Jeremiah D. Harding, U.S. Army, did, at or near Wuerzburg, Germany, Hoenfels, Germany, and Frankfurt, Germany, on or about between 01 November 2001 and about 10 December 2001, on divers occasions, steal currency, of a value of less than $100.00, with a total value of more than $1,000.00, the property of Private First Class Michael J. Duffey.

Reassessing the sentence on the basis of the error noted, the entire record, and applying the principles of *United States v. Sales,* 22 M.J. 305 (C.M.A.1986), the court affirms only so much of the sentence as provides for a bad-conduct discharge and six months of confinement. All rights, privileges, and property of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision are ordered restored as mandated by Article 75(a), UCMJ, 10 U.S.C. § 875(a).

Judge JOHNSON and Judge MOORE concur.