UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 ZOLPER, COOK, and BAIME
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist DANIEL A. SIBLEY
 United States Army, Appellant

 ARMY 20080037

 Headquarters, United States Army Alaska
 Debra L. Boudreau, Military Judge
 Major William D. Smoot, Acting Staff Judge Advocate

For Appellant: Lieutenant Colonel Jonathan F. Potter, JA; Major Teresa L.
Raymond, JA; Captain Jennifer A. Parker, JA (on brief).

For Appellee: Lieutenant Colonel Francis C. Kiley, JA; Lieutenant Colonel
Paul T. Cygnarowicz, JA (on brief).

 29 August 2008

 -----------------------------------------
 SUMMARY DISPOSITION
 -----------------------------------------
Per Curiam:

 Appellant was convicted by a military judge sitting as a special
court-marital empowered to adjudge a bad-conduct discharge, pursuant to his
pleas, of drunken operation of a motor vehicle, wrongful use of marijuana
(two specifications), larceny of military property of a value more than
$500.00, and adultery, in violation of Uniform Code of Military Justice
[hereinafter UCMJ] Articles 111, 112a, 121, and 134; 10 U.S.C. §§ 911,
912a, 921, and 934 (2005). Appellant alleges the military judge erred in
accepting appellant’s plea of guilty to larceny of military property on
divers occasions of a value of more than $500.00. The appellant asserts
that the military judge improperly instructed appellant that the third
element of larceny required only that each item of property was of “some
value,” and failed to instruct that the stolen property was “of a value
more than $500.00.” The government denies error, and argues that there is
no substantial basis in law or fact to overturn appellant’s guilty plea to
larceny.( We agree with appellant that his plea to larceny of military
property of a value in excess of $500.00 was not provident and we will not
affirm the finding of guilty to that offense. However, there is no dispute
that the appellant stole military property of a lesser value. We therefore
affirm the finding as to The Specification of Charge I by excepting the
words and figures “of a value more than $500.00” and substituting the words
“of some value.”

 The remaining findings of guilty are affirmed. Appellant was
sentenced to a bad-conduct discharge, confinement for seven months, and
reduction to Private E-1. Reassessing the sentence on the basis of the
error noted, the entire record, and applying the principles of United
States v. Sales, 22 M.J. 305 (C.M.A. 1986) and United States v. Moffeit, 63
M.J. 40 (C.A.A.F. 2006), to include those principles identified by Judge
Baker in his concurring opinion, the court affirms the sentence.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
( While not cited by either party, we find United States v. Harding, 61
M.J. 526 (Army Ct. Crim. App. 2005) persuasive. In Harding, the court found
that appellant’s providency inquiry failed to establish larceny over
$500.00, as charged; however, the court was able to amend and affirm the
findings of guilty to reflect an amount over $100.00, as supported by the
providency inquiry. Id at 529-530.