UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 TOZZI, HAM, and JOHNSON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Sergeant CLINTON H. WOOD
 United States Army, Appellant

 ARMY 20080273

 Headquarters, 4th Infantry Division (Mechanized)
 Gregg A. Marchessault, Military Judge
 Lieutenant Colonel Tania M. Martin, Staff Judge Advocate

For Appellant: Major Teresa L. Raymond, JA; Captain Pamela Perillo, JA.

For Appellee: Pursuant to A.C.C.A. Rule 15.2, no response filed.

 24 September 2008

 -----------------------------------------
 SUMMARY DISPOSITION
 -----------------------------------------
Per Curiam:

 A military judge sitting as a general court-martial convicted
appellant, pursuant to his pleas, of dereliction of duty, wrongful use of
Diazepam, a Schedule IV controlled substance, wrongful distribution of
Diazepam, a Schedule IV controlled substance, wrongful possession of
Diazepam, a Schedule IV controlled substance, and larceny of military
property of a value over $500.00, in violation of Articles 92, 112a, and
121 of the Uniform Code of Military Justice, 10 U.S.C. §§ 892, 912, and 921
[hereinafter UCMJ]. The military judge sentenced appellant to a bad-
conduct discharge, forfeiture of all pay and allowances, confinement for
six months, and reduction to Private E1. The convening authority approved
the adjudged sentence. Appellate defense counsel submitted the case for
appellate review on its merits.

 Upon review of the case before us under Article 66, UCMJ, we find
appellant’s guilty plea to The Specification of Charge IV, larceny of
military property over $500.00 to be improvident, but do find the
providency inquiry established this guilt to the lesser included offense of
larceny of military property under $500.00.
 A providence inquiry into a guilty plea must: (1) establish that the
accused believes and admits he or she is guilty of the charged offenses;
and (2) provide a set of factual circumstances—admitted by the
accused—which objectively support the guilty plea. Rule for Courts-Martial
910(e); United States v. Simmons, 63 M.J. 89, 92 (C.A.A.F. 2006); United
States v. Barton, 60 M.J. 62, 64 (C.A.A.F. 2004); United States v. Morris,
58 M.J. 739, 742-43 (Army Ct. Crim. App. 2003).

 While serving in Iraq as the unit’s Chemical, Biological,
Radiological, and Nuclear Non-Commissioned Officer, appellant stole
approximately 259 diazepam injectors, which he either used himself,
distributed or attempted to distribute to two other Soldiers, or possessed
at the time of a command authorized search of his trailer. As stipulated by
the parties at trial, Diazepam, also called valium, is a controlled
substance used to prevent or treat convulsions resulting from moderate to
severe nerve agent poisoning. The parties also agreed each injector was
worth $14.84, and the total value of all the stolen injectors was about
$3,170.00.

 During the providence inquiry, appellant admitted he stole up to four
Diazepam injectors three times a week during a two month period and, on
three other occasions, stole a box containing fifteen injectors. The value
of each individual larceny was less than $500.00.

 At trial, the government argued the maximum punishment for The
Specification of Charge IV included ten years confinement because the
aggregate value of the Diazepam injectors the appellant stole was greater
than $500.00, compared to a maximum authorized sentence to confinement of
one year if the value of the military property was less than $500.00. This
Court, however, has long held that “the record must show either that one
item of the property stolen has [a value of $500.00] or that several items
taken at substantially the same time and place have such an aggregate
value” for an accused to be convicted of the greater offense and subjected
to a maximum punishment that includes ten years of confinement. United
States v. Harding, 61 M.J. 526, 528 (Army Ct. Crim. App. 2005)(citing
United States v. Christensen, 45 M.J. 617, 619 (Army Ct. Crim. App.
1997)(quoting United States v. Rupert, 25 M.J. 531, 532 (A.C.M.R. 1987)).
Because appellant only admitted to committing separate larcenies of
military property of a value less than $500.00, the military judge failed
to elicit the factual predicate necessary to find appellant guilty of the
offense of larceny of military property of a value greater than $500.00.

 Accordingly, the court affirms only so much of the finding of guilty
of The Specification of Charge IV as finds that the appellant did, at or
near LSA Anaconda, Iraq, and Camp Taji, Iraq, from about 15 September 2007
to about 5 January 2008, steal Diazepam, military property, of a value less
than $500.00, the property of the United States Army. The remaining
findings of guilty are affirmed. Reassessing the sentence on the basis of
the modified findings, the entire record, and in accordance with the
principles of United States v. Sales, 22 M.J. 305 (C.M.A. 1986), and United
States v. Moffeit, 63 M.J. 40 (C.A.A.F. 2006), to include the factors
identified by Judge Baker in his concurring opinion, the sentence is
affirmed.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court