UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 TOZZI, SIMS, and GALLAGHER
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private First Class JOSE J. MUNOZ, JR.
 United States Army, Appellant

 ARMY 20091115

 Headquarters, Fort Bliss
 Michael J. Hargis, Military Judge
 Colonel Michael J Benjamin, Staff Judge Advocate (pretrial and
 recommendation)
 Lieutenant Colonel Jeffrey A. Miller, Acting Staff Judge Advocate
 (addendum)

For Appellant: Captain Jennifer A. Parker, JA; Captain A. Jason Nef, JA.

For Appellee: Pursuant to A.C.C.A. Rule 15.2, no response filed.

 31 January 2011

 -------------------------------------
 SUMMARY DISPOSITION
 -------------------------------------

Per Curiam:

 A military judge sitting as a special court-martial convicted
appellant, pursuant to his pleas, of three specifications of wrongful use
of cocaine and one specification of wrongful appropriation of military
property of a value of more than $500 in violation of Articles 112a and
121, Uniform Code of Military Justice, 10 U.S.C. §§ 912a and 921
[hereinafter UCMJ]. Contrary to his plea, the military judge also
convicted appellant of one specification of wrongful use of cocaine, in
violation of Article 112a, UCMJ. The military judge sentenced appellant to
a bad-conduct discharge, confinement for five months, and reduction to the
grade of Private E1. The convening authority approved the sentence as
adjudged. This case is before this court for review pursuant to Article
66(c), UCMJ.

 Appellant raised no assignments of error to this court; however, we
find error and grant relief below.

 In The Specification of Charge II, appellant was originally charged
with larceny of military properly of a value of more than $500. At trial,
appellant pled guilty by exceptions and substitutions to wrongful
appropriation of military property of a value of more than $500. During
his Care[1] inquiry with the military judge, appellant admitted that he
wrongfully appropriated a number of different tools from the motor pool
tool room on seven different occasions from 17 March 2009 to 3 April 2009.
These items consisted of “two die sets, one torque multiplier, three torque
wrenches, one tap and die set, one [thread set], one wrench, [and] three
multimeters.” Appellant admitted the combined value of all of the items
was in excess of $500.[2]

 For an accused to be convicted of an Article 121, UCMJ offense having
a value of more than $500, “the record must show either that one item of
the property stolen has such a value or that several items taken at
substantially the same time and place have such an aggregate value.”
United States v. Christensen, 45 M.J. 617, 619 (Army Ct. Crim. App. 1997)
(quoting United States v. Rupert, 25 M.J. 531, 532 (A.C.M.R. 1987)). See
also United States v. Berndt, ARMY 20031170 (Army Ct. Crim. App. 9 Jun.
2006)(unpub.). In this case, neither the stipulation of fact, nor
appellant’s guilty plea inquiry with the military judge indicate which, if
any, of the items were valued at more than $500 or that any of the items
were taken at substantially the same time and had an aggregate value of
more than $500. Accordingly, we will modify the findings accordingly and
reassess the sentence.

 Upon consideration of the entire record, the court affirms only so
much of the finding of guilty of The Specification of Charge II as finds
appellant, “[b]etween on or about 17 March 2009 and [on or about] 3 April
2009, at or near Fort Bliss, Texas, did wrongfully appropriate military
property, of a value of $500 or less, the property of the U.S. Army.” The
court affirms the remaining findings of guilty.

 Reassessing the sentence on the basis of the error noted, the entire
record, and in accordance with the principles of United States v. Sales, 22
M.J. 305 (C.M.A. 1986) and United States v. Moffeit, 63 M.J. 40 (C.A.A.F.
2006), to include the factors identified by Judge Baker in his concurring
opinion, the court affirms the sentence.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] United States v. Care, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

[2] Prosecution Exhibit 1, the stipulation of fact, notes that the
“combined value” of the wrongfully appropriated items was “$2,589.37
($2,788.08 less 10% depreciation).” At trial, appellant stated the tools
were worth “[$]2,877.”