# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist DANIELLE R. JOHNSON**
**United States Army, Appellant**

ARMY 20111159

Headquarters, U.S. Army Garrison, Fort Belvoir
Denise R. Lind, Military Judge
Colonel Edward K. Lawson IV, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Robert A. Rodrigues, JA; Captain Daniel H. Karna, JA (on brief).

27 February 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to her plea, of larceny in violation of Article 121 of the Uniform Code of Military Justice, 10 U.S.C. § 921 (2006) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for five months, and reduction to the grade of E-1.

## LAW AND DISCUSSION

This case is before us for review under Article 66, UCMJ. In her sole assignment of error,[*] appellant alleges the military judge erred by accepting appellant's plea of guilty to larceny of a value of more than $500.00 because the providence inquiry failed to establish appellant stole over $500.00 in currency at

_____

[*] Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant personally raises one assignment of error which does not merit discussion or relief.

substantially the same time and place. Upon our review of the record, we agree with appellant.

This court has long held that "the record must show either that one item of the property stolen has [a value of $500.00] or that several items taken at substantially the same time and place have such an aggregate value" for an accused to be convicted of the greater offense and subjected to a maximum punishment that includes five years of confinement. *United States v. Harding*, 61 M.J. 526, 528 (Army Ct. Crim. App. 2005)(citing *United States v. Christensen*, 45 M.J. 617, 619 (Army Ct. Crim. App. 1997)(quoting *United States v. Rupert*, 25 M.J. 531, 532 (A.C.M.R. 1987)).

In this case, neither the providence inquiry nor the stipulation of fact established appellant stole more than $500.00 at substantially the same time and place. Rather, the military judge elicited testimony establishing appellant stole money, over a twenty-one month period, for a combined total of over $20,000.00. Because appellant did not admit to stealing over $500.00 on any one occasion or at substantially the same time and place, the military judge failed to elicit the factual predicate necessary to find appellant guilty of the offense of larceny of a value greater than $500.00. Accordingly, we will affirm only so much of the finding of guilty as provides for a larceny of a value less than $500.00.

In determining the effect on appellant's sentence, we are confident that "absent any error, the sentence adjudged would have been of at least a certain severity." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986). In this case, the maximum punishment has been reduced from a dishonorable discharge and five years of confinement to a bad-conduct discharge and six months of confinement. However, all of the relevant evidence, to include the total value of the money stolen over time, was still properly before the military judge. Furthermore, this court is experienced and familiar with cases involving the offense of which appellant has been convicted. We are therefore confident, in light of the aggravating nature of the larceny, a sentence of at least a bad-conduct discharge, confinement for four months, and reduction to the grade of E-1 would have been adjudged.

**CONCLUSION**

The court amends and affirms only so much of the finding of guilty of Charge II and its Specification as finds that the appellant did, at or near Fort Belvoir, Virginia, on divers occasions between on or about 1 October 2009 and on or about 30 June 2011, steal currency of a value less than $500.00, with a total value over $20,000.00, the property of the United States Government. Those matters submitted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) are without merit. Reassessing the sentence on the basis of the modified findings, the entire record, and in accordance with the principles of *United States v. Sales,* 22

M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion, only so much of the sentence as provides for a bad-conduct discharge, confinement for four months, and reduction to the grade of E-1 is AFFIRMED. All rights, privileges, and property, of which appellant was deprived by virtue of that portion of his sentence being set aside by this decision, are hereby ordered restored. *See* UCMJ arts. 58(b) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court