# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist DAVID A. CORNELL**
**United States Army, Appellant**

ARMY 20120256

Headquarters, National Training Center and Fort Irwin
Karen W. Riddle, Military Judge
Lieutenant Colonel Gail A. Curley, Staff Judge Advocate

For Appellant:  Major Jacob D. Bashore, JA; Captain Aaron R. Inkenbrandt, JA (on brief).

For Appellee:  Major Robert A. Rodrigues, JA; Major Katherine S. Gowel, JA; Captain T. Campbell Warner, JA (on brief).

20 March 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his plea, of larceny of military property of a value more than $500.00 in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (2006) [hereinafter UCMJ].[1]  The convening authority approved the adjudged sentence of a

---

[1] The specification alleged appellant:

> [d]id, at or near Fort Irwin, California, on divers occasions, between on or about 1 June 2010 and on or about 10 October 2011, steal military property of the United States Government, of a value greater than $500.00, to wit: two M2 .50 Machine Gun Barrel Extension Assemblies, two M2 .50 Machine Gun Bolt Sub-Assemblies, one M24 Sniper Rifle Scope Assembly, other small arms repair parts, small arms ammunition, and other weapons-related equipment.

bad-conduct discharge, confinement for twelve months, and reduction to the grade of E-1.

This case is before us for review under Article 66, UCMJ. Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant personally alleges he was only provident to a single larceny of military property with a value of more than $500.00 and the military judge erred by finding him guilty of this offense on "divers occasions." Appellant argues the military judge improperly aggregated the value of the numerous stolen items in determining the value of the property exceeded $500.00. Appellant therefore requests this court disapprove the "divers" portion of the findings and provide him meaningful relief.

Although we ultimately agree with appellant's request to delete "divers" from the specification, we do so for a different reason discussed below.

## LAW AND DISCUSSION

It has long been established that "larcencies of property from different locations on different dates are separate crimes and cannot be combined into one specification . . . in order to aggregate the value of the property stolen to a larger sum[.]" *United States v. Rupert*, 25 M.J. 531, 532 (A.C.M.R. 1987).

To find appellant guilty of a larceny of military property of a value over $500.00, and thereby increase the possible maximum punishment of confinement from one to ten years, "the record must show either that one item of the property stolen has [a value of more than $500.00] or that several items taken at substantially the same time and place have such an aggregate value." *United States v. Harding*, 61 M.J. 526, 528 (Army Ct. Crim. App. 2005) (citing *United States v. Christensen*, 45 M.J. 617, 619 (Army Ct. Crim. App. 1997).

This court looks to appellant's testimony during the providence inquiry and the written stipulation of fact to determine if an adequate factual predicate was established to support appellant's guilty plea. *Harding*, 61 M.J. at 530. Appellant stated during the providence inquiry, "[a]s a former armorer, I am aware of the value of this property, both added together and in most cases, separately, would amount to more than $500.00." The military judge followed up on this statement by later establishing with appellant that "some of the property by themselves [sic], certain property was more than $500.00 by itself."

It is clear from the stipulation of fact that the two M2 .50 machine gun barrel extension assemblies, the two M2 .50 caliber machine gun bolt sub-assemblies, and

2

the M24 sniper rifle scope assembly had individual values of more than $500.00.[2] During his providence inquiry, appellant admitted he stole both of the machine gun barrel extension assemblies and the two machine gun bolt sub-assemblies at the same time and, on a separate occasion, stole the M24 sniper rifle scope assembly. Therefore, the record establishes appellant was, in fact, guilty of stealing military property of a value greater than $500.00 on two occasions.

In most cases, this would be enough to find appellant guilty of the charged larceny on "divers occasions," because the common definition of "divers" is two or more. However, during the providence inquiry, the military judge defined "divers occasions" as "*more than two* occasions."

Therefore, because the record establishes the appellant was guilty of stealing military property of a value of more than $500.00 on only two occasions and "divers occasions," as defined by the military judge, required at least three occasions, we are required to delete "divers" from the specification and will take appropriate action in our decretal paragraph. In determining the effect of the noted error on the sentence, we note the maximum punishment for this offense remains unchanged and the scope of the larcenies appellant stands convicted of also have not changed.

## CONCLUSION

The court amends and affirms only so much of the finding of guilty of The Charge and its specification as finds that the appellant "did, at or near Fort Irwin, California, between on or about 1 June 2010 and on or about 10 October 2011, steal military property of the United States Government, of a value greater than $500.00, to wit: two M2 .50 Machine Gun Barrel Extension Assemblies, two M2 .50 Machine Gun Bolt Sub-Assemblies, one M24 Sniper Rifle Scope Assembly, other small arms repair part, small arms ammunition, and other weapons-related equipment."[3] Reassessing the sentence on the basis of the modified findings, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion, the sentence as approved by the convening authority is AFFIRMED.

---

[2] The remaining items listed on the charge sheet did not have individual values in excess of $500.00 and it was established that these items were not taken at substantially the same time and place to permit the aggregating of their values.

[3] Contrary to the government's concession, we are not required to strike those items of a value less than $500.00 from the specification and choose not to do so.

CORNELL—ARMY 20120256



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4