# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant BRANDON A. TRIPP**
**United States Army, Appellant**

ARMY 20111018

Headquarters, Fort Riley
Jeffery R. Nance, Military Judge
Lieutenant Colonel Daniel G. Brookhart, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain E. Patrick Gilman, JA (on brief).

For Appellee: Major Robert A. Rodrigues, JA; Captain Daniel H. Karna, JA (on brief).

17 July 2013

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

GALLAGHER, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of four specifications of conspiracy, one specification of absence without leave terminated by apprehension, one specification of escaping custody, five specifications of larceny, and one specification of burglary, in violation of Articles 81, 86, 95, 121, and 129 Uniform Code of Military Justice, 10 U.S.C. §§ 881, 886, 895, 921, 929 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for twenty-two months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority also awarded ninety-seven days of confinement credit.

This case is before us for review pursuant to Article 66, UCMJ.  We find three issues merit discussion, one of which merits relief.

## BACKGROUND

In his assignment of error to this court, appellant alleges he received ineffective assistance of counsel in the post-trial phase of his court-martial.  Specifically, appellant asserts that his trial defense counsel failed to submit a personal letter and several letters from family members to the convening authority as part of his request for clemency.  This was despite appellant informing his trial defense counsel that he desired to submit such matters.  In support of this allegation of error, appellant provided a sworn affidavit wherein he stated:

> Approximately one week after I was sentenced on 15 November 2011, my trial defense counsel and I discussed submitting clemency matters for consideration by the convening authority pursuant to R.C.M. 1105/1106.  During that discussion, [my defense counsel] instructed me to have my family members write letters to submit to the convening authority.  He also told me I had approximately one month to obtain those letters.  I told my defense counsel I would obtain letters requesting clemency on my behalf from various family members and I would submit them to [my defense counsel] upon receiving them.
>
> By mid December 2011, I received letters written on my behalf . . . . I sent those four letters, along with a letter I wrote for the convening authority, to [my defense counsel] at Fort Riley, Kansas, approximately one week after receiving the letters from my family members.

Appellant also stated he was unaware, until receiving his record of trial, the letters had not been submitted to the convening authority for consideration.

In response to this allegation of error and pursuant to an order by this court, appellant's trial defense counsel submitted an affidavit stating he never received the letters from appellant.  Moreover, appellant's trial defense counsel states he spoke with appellant on more than one occasion and provided appellant with a due date of 16 December 2011 to submit any matters to him for inclusion in the clemency request.  He further advised appellant that he would contact family members on appellant's behalf to obtain supporting documentation, but appellant denied this offer.  Appellant's trial defense counsel provided a due date of 16 December 2011 to ensure all matters were collected and prepared for submission prior to his

deployment to Afghanistan. Appellant's trial defense counsel did not leave until 29 December 2011 and did not receive the alleged letters before his deployment. Additionally, Ms. Gibson, the post-trial paralegal preparing appellant's matters for presentation to the convening authority, attested she never received the letters prior to appellant's matters being submitted on 7 February 2012.

## LAW AND DISCUSSION

### *Ineffective Assistance of Counsel*

The Sixth Amendment guarantees an accused the right to the effective assistance of counsel. *United States v. Gooch*, 69 M.J. 353, 361 (C.A.A.F. 2011) (citing *United States v. Gilley*, 56 M.J. 113, 124 (C.A.A.F. 2001)). In the military, this guarantee extends to assistance with the post-trial phase of a court-martial. *United States v. Lee*, 52 M.J. 51, 52 (C.A.A.F. 1999). We review de novo claims that an appellant did not receive the effective assistance of counsel. *United States v. Mazza*, 67 M.J. 470, 475 (C.A.A.F. 2009).

"In assessing the effectiveness of counsel we apply the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and begin with the presumption of competence announced in *United States v. Cronic*, 466 U.S. 648, 658 (1984)." *Gooch*, 69 M.J. at 361. To overcome the presumption of competence, the *Strickland* standard requires appellant to demonstrate "both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010) (citing *Strickland*, 466 U.S. at 687).

This Court applies a three-part test to determine whether the presumption of competence has been overcome:

> 1. Are the allegations true, and, if so, is there any reasonable explanation for counsel's actions?
>
> 2. If the allegations are true, did counsel's performance fall measurably below expected standards?
>
> 3. Is there a reasonable probability that, absent the errors, there would have been a different outcome?

*United States v. Polk*, 32 M.J. 150, 153 (C.M.A. 1991). In the context of a post-trial claim for ineffectiveness, our superior court has modified the third step, requiring only that there be some colorable showing of possible prejudice. *Lee*, 52 M.J. at 53 (citing *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)).

When assessing *Strickland's* first prong, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689 (citation omitted). When challenging the performance of trial defense counsel, the appellant "bears the burden of establishing the truth of the factual allegations that would provide the basis for finding deficient performance." *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F.2007) (citation omitted). When there is a factual dispute, we determine whether further fact finding is required under *United States v. Ginn*, 47 M.J. 236 (C.A.A.F.1997). If, however, the facts alleged by the defense would not result in relief under the high standard set by *Strickland*, we may address the claim without the necessity of resolving the factual dispute. *Ginn*, 47 M.J. at 248.

After consideration of the record of trial, the pleadings, and the post-trial affidavits, we conclude a fact-finding hearing is not required in this case. First, in his affidavit, appellant simply avers that he assumed responsibility for obtaining letters for inclusion in his clemency request. Furthermore, he states he ultimately received those letters and mailed them to his defense counsel but not until the agreed upon deadline had past. Defense counsel's and Ms. Gibson's affidavits are equally simplistic and can be read consistently in that they merely aver that neither counsel nor the post-trial paralegal ever received the letters, let alone before the deadline or before submission of the clemency packet. Importantly, appellant does not claim his counsel received the letters and did not submit them. Nor does counsel claim that appellant is lying when he states he put the letters in the mail.

Second, we find appellant failed to establish his counsel's performance fell measurably below the expected professional standards. Appellant's trial defense counsel adequately advised him of his ability to submit matters to the convening authority and advised him to obtain such matters; offered to gather supporting letters for appellant and established an agreed upon, reasonable due date of "approximately one month" for appellant to get any desired matters to his defense counsel; checked in with appellant to remind him to submit any desired matters; prepared a clemency request and reviewed the contents with appellant; and submitted his clemency request to the post-trial paralegal with instruction that it be forwarded to the convening authority after service of the staff judge advocate's post-trial recommendation. On the other hand, appellant allowed an established deadline to pass without informing his trial defense counsel that he was about to or did mail matters for submission but they would be arriving past that deadline. Appellant was aware his trial defense counsel was deploying yet made no effort to contact anyone to let them know the letters had been mailed and would be late or to determine if they had arrived. Under these circumstances, we cannot say appellant's defense counsel acted unreasonably in submitting matters to the convening authority. This is especially true where action was not taken until 7 February 2012 and the letters still had not arrived at Fort Riley.

We find appellant has failed to meet the first prong of the *Strickland* test by showing his counsel's performance was deficient. *See Strickland*, 466 U.S. at 687. Additionally, even if appellant's trial defense counsel's performance was deficient, appellant has failed to establish that the deficiency resulted in prejudice. Although appellant's letter and the letters from his relatives would have provided new information about his background, his separation from his son, and his family's willingness to support him, the remainder of the information was included within the record of trial and within appellant's trial defense counsel's clemency request: appellant's strong military history, his drug addiction history, and a request for an early release from confinement. Additionally, appellant's family's need for financial support had been brought to the convening authority's attention through the request for deferment of forfeitures. Appellant's criminal conduct, particularly his burglarizing a deployed neighbor's home, as well as stealing TA-50 from soldiers and stealing military property was especially aggravating. The adjudged sentence included five years of confinement. Pursuant to a pretrial agreement, the convening authority reduced the term of confinement to twenty-two months of confinement. We are confident appellant has failed to make a colorable showing of possible prejudice.

*Sufficiency of Plea to Conspiracy on Divers Occasions*

While not raised by the parties, we find there is a substantial basis in law and fact to question appellant's plea of guilty to conspiring with Ms. DC "on divers occasions" in Specification 1 of Charge III. In order to establish an adequate factual predicate for a guilty plea, the military judge must elicit "factual circumstances as revealed by the accused himself [that] objectively support that plea[.]" *United States v. Davenport*, 9 M.J. 364, 367 (CMA 1980). Here, Specification 1 of Charge III alleged appellant did "between on or about 19 October 2010 and on or about 16 June 2011, on divers occasions, conspire with" Ms. DC to commit larceny of military property in excess of $500.00. However, appellant only admitted to conspiring with Ms. DC on one occasion. *See Manual for Courts-Martial, United States* (2008 ed.), pt. IV ¶ 5.c.(3) (an agreement to commit several offenses is ordinarily but a single conspiracy). As such, we find the military judge abused his discretion in accepting appellant's plea of guilty to conspiring with Ms. DC "on divers occasions" and we will strike the "divers occasions" language from the specification.

*Maximum Punishment*

This court has long held "the record must show either that one item of the property stolen has [a value of $500.00] or that several items taken at substantially the same time and place have such an aggregate value" for an accused to be convicted of the greater offense and subjected to a maximum punishment that includes five years of confinement. *United States v. Harding*, 61 M.J. 526, 528

5

(Army Ct. Crim. App. 2005) (citing *United States v. Christensen*, 45 M.J. 617, 619 (Army Ct. Crim. App. 1997) (quoting *United States v. Rupert*, 25 M.J. 531, 532 (A.C.M.R. 1987)).

In Specification 2 of Charge III appellant was charged with conspiring to commit larceny of property, and in Specification 2 of Charge IV appellant was charged with larceny of that same property. Both specifications alleged the property value exceeded $500.00.

In this case, the military judge and the parties correctly recognized that the language in the specifications "of a value of more than $500.00," while factually accurate as to the total value of property taken, did not trigger the enhanced maximum punishment. The accumulated value did not trigger the greater maximum punishment because no single item exceeded $500.00 in value nor was it established that property taken at substantially the same time and place exceeded $500.00 in value. As the military judge and the parties correctly calculated and applied the maximum punishment by utilizing the maximum punishment attributable to larceny of property of a value less than $500.00 for both Specification 2 of Charge III and Specification 2 of Charge IV, there is no error.

## CONCLUSION

On consideration of the entire record and the submissions by the parties, we approve and affirm only so much of Specification 1 of Charge III as provides, "[b]etween on or about 19 October 2010 and on or about 16 June 2011, at or near Fort Riley Kansas, conspire with Mrs. D.C. to commit an offense under the Uniform Code of Military Justice, to wit: larceny of TA-50, of a value of more than $500.00, the property of the United States Government, and in order to effect the object of the conspiracy the said accused did cut the locks on the storage cages containing the TA-50."

The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sale*s, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors Judge Baker identified in his concurring opinion in *Moffeit*, this court affirms the sentence.

Senior Judge COOK and Judge HAIGHT concur.



FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court