# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and BORGERDING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class STERLEN R. GRANT**
**United States Army, Appellant**

ARMY 20130487

Headquarters, Fort Bliss
Timothy P. Hayes, Jr., Military Judge
Colonel Edward K. Lawson IV, Staff Judge Advocate (pretrial and recommendation)
Lieutenant Colonel Runo C. Richardson, Acting Staff Judge Advocate (addendum)

For Appellant: Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Vincent T. Shuler, JA; Captain Patrick A. Crocker, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Daniel H. Karna, JA (on brief).

30 June 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

LIND, Senior Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of conspiracy to commit larceny of government property; one specification of larceny of military property of a value of $500.00 or less; two specifications of larceny of military property of a value greater than $500.00; and one specification of knowingly receiving stolen property in violation of Articles 81, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 921, 934 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for seven months, forfeiture of $1,200.00 pay per month for seven months, and reduction to the grade of E-1. The convening

authority approved only so much of the sentence to confinement as provided for six months and the remainder of the sentence as adjudged.[*]

This case is before the court for review under Article 66, UCMJ. Appellant's assignment of error avers that the military judge abused his discretion by accepting appellant's pleas to Specifications 1 and 3 of Charge II with respect to the element of value in excess of $500.00. The government concedes error. We agree and will take corrective action in our decretal paragraph. We have also considered those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and find them to be without merit.

**FACTS**

Appellant's co-conspirator, Specialist (SPC) DW, possessed a Government Services Administration (GSA) gas card (Card One) that was issued to buy fuel for a military vehicle. Appellant conspired with SPC DW to use Card One to buy gas for appellant's privately owned vehicle (POV) during a trip home. Appellant used Card One at various points en route from Fort Bliss, Texas to Charleston, South Carolina. The total value of fuel purchased for the trip on Card One was greater than $3,000.00.

The use of Card One formed the basis for the larceny charged in Specification 1 of Charge II, which alleged that appellant "did, at or near [multiple locations] on divers occasions, between the dates of on or about 26 October 2011 and on or about 30 November 2011, steal funds, military property, of a value greater than $500.00, the property of the United States."

Appellant later stole a second GSA gas card (Card Two). He used this card on multiple occasions to buy fuel for his own POV and other individuals' POVs. The total value of the fuel purchased by appellant using Card two was greater than $6,100.00.

---

[*] We note that the convening authority's action approved forfeitures in excess of the amount authorized at a special court-martial for a service-member who has been reduced to the grade of E-1. *See* Rule for Courts-Martial [hereinafter R.C.M.] 201(f)(2)(B)(i) ("Upon a finding of guilty, special courts-martial may adjudge, under limitations prescribed by this Manual, any punishment authorized under R.C.M. 1003 except . . . forfeiture of pay exceeding two-thirds pay per month . . . ."); R.C.M. 1003(a)(2) ("If the sentence also includes reduction in grade, expressly or by operation of law, the maximum forfeiture shall be based on the grade to which the accused is reduced."). We will correct this error by reducing the amount of approved forfeitures.

The use of Card Two formed the basis for the larceny charged in Specification 3 of Charge II, which alleged that appellant "did, at or near Fort Bliss, Texas, between the dates of on or about 2 December 2011 and on or about 10 January 2012, steal funds, military property, of a value greater than $500.00, the property of the United States."

## LAW AND DISCUSSION

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Schell*, 72 M.J. 339, 345 (C.A.A.F. 2013) (citing *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008)). A guilty plea will only be set aside if we find a substantial basis in law or fact to question the plea. *Id.* (citing *Inabinette*, 66 M.J. at 322). The court applies this "substantial basis" test by determining whether the record raises a substantial question about the factual basis of appellant's guilty plea or the law underpinning the plea. *Inabinette*, 66 M.J. at 322; *see also* UCMJ art. 45(a); R.C.M. 910(e); *United States v. Weeks*, 71 M.J. 44, 46 (C.A.A.F. 2012) ("It is an abuse of discretion for a military judge to accept a guilty plea without an adequate factual basis to support it . . . [or] if the ruling is based on an erroneous view of the law."). In order to establish an adequate factual predicate for a guilty plea, the military judge must elicit "factual circumstances as revealed by the accused himself [that] objectively support that plea[.]" *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980).

For an accused to be convicted of larceny of property of a value greater than $500.00, "the record must show either that one item of the property stolen has . . . a value [of more than $500.00] or that several items taken at substantially the same time and place have such an aggregate value." *United States v. Harding*, 61 M.J. 526, 528 (Army Ct. Crim. App. 2005) (quoting *United States v. Christensen*, 45 M.J. 617, 619 (Army Ct. Crim. App. 1997)); *Manual for Courts-Martial, United States* (2008 ed.) [hereinafter *MCM*], pt. IV, ¶ 46.c(1)(h)(ii); *cf. United States v. Hines*, 73 M.J. 119, 121 (C.A.A.F. 2014) (holding that larceny and wrongful appropriation of Basic Allowance for Housing pay over several months was properly aggregated because "[t]he formulation of a plan or scheme or the setting up of a mechanism which, when put into operation, will result in the taking or diversion of sums of money on a recurring basis, will produce but one crime.") (citation omitted).

Appellant made multiple purchases of fuel using both Card One and Card Two at different locations and at different times. There is nothing in the record, to include the stipulation of fact and the providence inquiry, to establish that any single purchase made by appellant using either Card One or Card Two exceeded $500.00. Thus, as the government concedes, the military judge failed to elicit an adequate factual basis to show appellant stole over $500.00 at substantially the same time and place, and the military judge improperly aggregated the values of the separate larcenies. We conclude there is a substantial basis in law and fact to question

3

appellant's guilty pleas to larceny of military property of a value in excess of $500.00 for Specifications 1 and 3 of Charge II.

**CONCLUSION**

We affirm only so much of Specification 1 of Charge II as provides:

> In that Private First Class Sterlen Grant, U.S. Army, did, at or near Odessa, Texas, at or near Mesquite, Texas, at or near Vicksburg, Mississippi, at or near Lincoln, Alabama, at or near Augusta, Georgia, at or near Charleston, South Carolina, at or near Lithonia, Georgia, at or near Brandon, Mississippi, at or near Dallas, Texas, at or near Midland, Texas, and at or near Las Cruces, New Mexico, on divers occasions, between the dates of on or about 26 October 2011, and on or about 30 November 2011, steal funds, military property, of a value of $500.00 or less, the property of the United States.

We affirm only so much of Specification 3 of Charge II as provides:

> In that Private First Class Sterlen Grant, U.S. Army, did, at or near Fort Bliss, Texas, between on or about 2 December 2011 and on or about 10 January 2012, steal funds, military property, of a value of $500.00 or less, the property of the United States.

The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the entire record, and applying the principles of *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986) and the factors set forth in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we are confident the military judge would have at least adjudged the same sentence absent the errors noted.

There is no dramatic change in the penalty landscape or exposure. *See Winckelmann*, 73 M.J. at 15-16. While appellant's theoretical maximum sentence to confinement would be reduced from twenty-two years to four years, this case was tried at a special court-martial where the sentence to confinement was limited to one year, so appellant's actual maximum sentence to confinement exposure did not change. *See MCM*, pt. IV, ¶¶ 5.e, 46.e(1)(a)-(c), 106.e(1); UCMJ art. 19; R.C.M. 201(f)(2)(B). The gravamen of the offenses has not changed. *Winckelmann*, 73 M.J. at 16. The total value stolen for the larcenies in Specifications 1 and 3 of Charge II remains the same and was admissible aggravation evidence before the military judge.

4

GRANT — ARMY 20130487

*See id.* Finally, this court reviews the records of a substantial number of courts-martial involving larceny of military property and we have extensive experience with the level of sentences imposed for such offenses under various circumstances. *See id.*

The court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for six months, forfeiture of $1,010.00 pay per month for seven months, and reduction to E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

Judge KRAUSS and Judge BORGERDING concur.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court

5