UNITED STATES, Appellee,

v.

Sergeant Rick E. RUPERT,
379–82–9235, United States
Army, Appellant.

ACMR 8700720.

U.S. Army Court of Military Review.

30 Sept. 1987.

For Appellant: Lieutenant Colonel Charles A. Zimmerman, JAGC, Major Dale K. Marvin, JAGC, Captain James E. O'Hare, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC, Major Thomas E. Booth, JAGC, USAR, Captain George R. Gillette, JAGC (on brief).

Before ADAMKEWICZ, LYMBURNER and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

ADAMKEWICZ, Senior Judge:

On 19 March 1987, appellant was convicted, pursuant to his pleas, of larceny of various items of U.S. Army property of an aggregate value in excess of $100.00 during a seventeen month period, alleged in one specification of a charge in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (1982). He was sen-

tenced to reduction to the grade of Private E–1, forfeiture of $300.00 pay per month for nine months, confinement for nine months, and a bad-conduct discharge. The convening authority approved the sentence.

Before this court, the appellant alleges that the military judge erred to his substantial prejudice by finding him guilty of larceny of property of a value greater than $100.00, and that the court adjudged and the convening authority approved a sentence in excess of the authorized maximum sentence. He requests that this court order a sentence rehearing. The government argues that this court may sustain the findings, as alleged, and the sentence, because appellant and his counsel would only have entered into the pretrial agreement and pled guilty based on their knowledge that the property stolen on any one occasion had the greater value.

■ Under military law, the penalty for the offense of larceny is graduated according to the value or kind of property taken. Manual for Courts-Martial, United States, 1984, Part IV, para. 46e [hereinafter M.C.M., 1984]. For an accused to be convicted of larceny of property having a value of over $100.00, the record must show either that one item of the property stolen has such a value or that several items taken at substantially the same time and place have such an aggregate value.[1] The value of the property stolen may be established by direct evidence or may be inferred if in common knowledge the property obviously has such value. *See United States v. Barker*, 35 C.M.R. 779 (A.F.B.R.

1965); *United States v. Mensch*, 32 C.M.R. 792 (A.F.B.R.1962), *affirmed on other grounds*, 32 C.M.R. 451 (C.M.A.1963); M.C.M., 1984, para. 46c(1)(g). Military law also provides that the larcenies of property from different locations on different dates are separate crimes and cannot be combined into one specification as a single larceny in order to aggregate the value of the property stolen to a larger sum and thereby raise the maximum imposable punishment. *United States v. Davis*, 36 C.M.R. 363, 365 (C.M.A.1966); *Cf. United States v. Poole*, 24 M.J. 539 (A.C.M.R.1987), *petition granted*, 25 M.J. 167 (C.M.A.1987) (maximum punishment improperly determined by aggregated value of checks alleged in each specification; maximum punishment for each specification was established by the dollar amount of the largest check included within that specification).

■ The specification in this case lists a variety of items [2] stolen over a period of many months, none of which have an allegation as to individual value. The allegation that the property stolen was "of an aggregate value in excess of $100.00" was based on the total value for all the property taken over the period of time in question. In conducting the providence inquiry, the military judge confirmed only that the aggregate value of the stolen property was in excess of $100.00 and that appellant wrongfully took or withheld several different types of personal property over a seventeen-month period at, apparently, different locations on Fort Carson, Colorado.[3] He failed to ascertain that any one item, or any series of items taken or withheld at

---

1. If followed, the rules of pleading in the M.C.M., 1984 would have precluded the issues raised in this case. Rule for Courts-Martial 307(c)(4) [hereinafter R.C.M.] provides that each specification shall state only one offense. During the providence inquiry into the appellant's plea of guilty to the single specification, he admitted that he wrongfully took or withheld many items of property over a seventeen-month period at different locations. The Discussion to R.C.M. 307(c)(3) at (H)(iv) states that "[i]f several articles of different kinds are the subject of the offense, the value of each article should be stated followed by a statement of the aggregate value." In this case, only the aggregate value of the articles was alleged or established during the providence inquiry.

2. The property listed consisted of miscellaneous foodstuffs, numerous items of ammunition, pyrotechnics and explosives, medical and office supplies, a cot, thirty-five batteries and two protective mask carriers.

3. Appellant's responses during the providence inquiry demonstrated that within the single specification were many "separate offenses," and not separate acts constituting a "continuous offense." R.C.M. 906(b)(5) discussion. Having received the benefit of having his separate offenses charged in the same specification, the appellant, understandably, did not object and ask for severance of the duplicious joinder.

substantially one time, had a value in excess of $100.00. None of the stolen items were admitted in evidence and the record of trial does not contain a stipulation of fact in which the parties agreed on the individual value of items stolen.[4] Nor can we say, looking at the allegations of the items stolen, based on common knowledge, that any one item has a value in excess of $100.00. Thus, we conclude that the record in this case cannot support a conviction for a larceny of property of a value over $100.00. We do find, however, that the providence inquiry is sufficient to sustain a conviction for larceny of property of some value. *Cf. United States v. Tamas*, 20 C.M.R. 218 (C.M.A.1955) (where value not established, for punishment purposes, lowest degree of larceny affirmed).

 However, with respect to appellant's argument that sentence relief is required,[5] we note that the property stolen included explosives. Under M.C.M., 1984, para. 46e, the punishment for stealing explosives is, *inter alia*, a dishonorable discharge and confinement for five years, i.e., the same maximum as the punishment prescribed for larceny of property of a value of more than $100.00. On that basis, we find that the appellant has suffered no prejudice from the aggregation of property value in this case. He providently pled to the larceny of explosives, was properly advised of the maximum punishment imposable for the offense committed, and was sentenced accordingly.

The court affirms only so much of the findings of guilty of the Charge and its Specification as finds larceny of property of some value. The sentence is affirmed.

Judges LYMBURNER and SMITH concur.

---

4. For reasons not clear in the record, the government failed to accept the appellant's offer, in the pretrial agreement, to enter into a written stipulation of fact.

5. The maximum punishment for a larceny of property of a value of $100.00 or less is, *inter alia*, a bad-conduct discharge and confinement for six months. M.C.M., 1984, para. 46e.