**UNITED STATES**

v.

**Senior Airman Stacy A. WARDEN, United States Air Force.**

**ACM S31029.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 4 Nov. 2005.

Decided 23 Feb. 2007.

Appellate Counsel for Appellant: Colonel Nikki A. Hall, Lieutenant Colonel Mark R. Strickland, and Captain John S. Fredland.

Appellate Counsel for the United States: Colonel Gerald R. Bruce, Lieutenant Colonel Robert V. Combs, Captain Daniel J. Breen, and Captain Jamie L. Mendelson.

Before BROWN, JACOBSON, and BECHTOLD, Appellate Military Judges.

OPINION OF THE COURT

BECHTOLD, Judge:

In accordance with her plea, the appellant was found guilty by officer members of one specification of wrongful appropriation, on divers occasions, in an aggregate amount of $1,500.00, in violation of Article 121, UCMJ, 10 U.S.C. § 921. The members sentenced her to a bad-conduct discharge and reduction to E–1. The convening authority approved the findings and sentence as adjudged.

The appellant alleges error by the military judge in determining and in instructing the members that a bad-conduct discharge (BCD) was authorized in this case. The trial defense counsel disagreed with the military judge's determination at trial and also raised the issue during clemency. The issue is now before this Court. Although it is plain from the record of trial that the facts support a finding of guilty to at least wrongful appropriation of a value of more than $500.00, that is not what occurred at trial. The appellant was found guilty, in accordance with her plea, of wrongful appropriation on divers occasions of a value of less than $500.00 with an aggregate value of $1,500.00, an offense that carries a maximum authorized punishment of 3 months confinement, forfeiture of 2/3 pay per month for 3 months, and reduction to E–1. Accordingly, we concur that the appellant is entitled to relief.

*Background*

The charge in this case arose out of the appellant's activities as a team chief for her unit during the American Cancer Society's Relay for Life, a fundraising effort that ex-

tended over four months and involved numerous fundraising events. The appellant's responsibility was to collect the money from her unit's fundraisers and turn it over to the American Cancer Society (ACS) at monthly meetings. The appellant received at least $1,500.00 over the course of the four months. None of this money was ever provided to the ACS.

The appellant was charged with one specification of larceny on divers occasions, with an aggregate amount of $1,500.00. No specific value was assigned to any alleged larcenous occasion. The specification did not follow the guidance in Rule for Courts–Martial (R.C.M.) 307(c)(3), Discussion (H)(iv) or *United States v. Rupert*, 25 M.J. 531 (A.C.M.R.1987), which states that the value of each larceny should be stated followed by a statement of the aggregate value. Additionally, the specification was not clear as to whether the offense was for larceny of a value greater than $500.00, only that the aggregate amount of the larcenies was $1,500.00. The appellant pled guilty to wrongful appropriation of less than $500.00 on divers occasions. Because no specific value (other than the aggregate) was alleged, there was no need for substitutions and exceptions with respect to value which might have provided an opportunity for clarification. During the providency inquiry, the appellant admitted to receiving funds on at least 4–5 occasions, but did not specify the amount she received on each occasion. She also admitted to wrongfully appropriating the money. Discussion of value was limited to the amount of money she spent, which was never in excess of $500.00 on any occasion.

At the conclusion of the providency inquiry, the military judge inquired as to the maximum punishment allowable, based solely on the appellant's guilty plea. The government initially stated that the maximum punishment for wrongful appropriation of a value greater than $500.00 consisted of a bad-conduct discharge, confinement for six months, and forfeiture of all pay and allowances.[1]

The government based its opinion on the fact that they would be introducing evidence that the appellant had at least one receipt of over $500.00. The government also considered the fact that there were multiple instances of larceny within the one specification, even assuming under $500.00 for each instance, which, when combined, would equal or exceed the maximum punishment for the aggregate specification, citing *United States v. Oliver*, 43 M.J. 668, 670 (A.F.Ct.Crim.App. 1995). In response, the defense counsel distinguished *Oliver* on the basis that it only addressed confinement and not a punitive discharge. Although appellate government's answer cites R.C.M. 1003(d)(3) which authorizes a BCD when two or more offenses result in authorized confinement for six months, this provision was never considered at trial nor included in the computations. Eventually, the government's position was that the maximum punishment, based on the appellant's plea, was confinement for three months and forfeiture of two-thirds pay per month for three months. This was also the maximum punishment the military judge used in the remaining colloquy of the providency inquiry. The judge specifically informed the appellant that "the maximum punishment authorized in the case—that would be based solely on your guilty plea, notwithstanding whether the government wants to try to prove the larceny aspect, but only on what you've testified so far today ... is that you could receive confinement for three months and forfeiture of two-thirds pay for those three months."[2] After questioning the appellant as to whether she fully understood the meaning and effect of her guilty plea, the military judge found her guilty plea provident and accepted it.

The government went forward on the greater offense of larceny before officer members. As part of their case-in-chief, the prosecution played the tape recording of the appellant's providency inquiry to the members. In addition to other evidence, they

1. We note that the trial counsel misstated authorized forfeitures and omitted reduction to E–1.

2. We note that the appellant was not informed of the possibility of reduction to E–1; however, she was made aware of it during the sentencing instructions to the members. Since she could have withdrawn her guilty plea at that point, no prejudice inured.

also introduced uncontroverted evidence that the appellant received $566.00 after a car wash fundraiser, and that the appellant received money approximately eight or more times and that the money was never turned over to the ACS. The defense presented no evidence.

After both parties had rested, counsel and the military judge discussed findings instructions. The military judge stated that the only issue was whether the appellant committed larceny, so he would not instruct on the lesser included offense of wrongful appropriation since the appellant had already pled to it. The issue of value or a variance instruction was also raised by the judge. Ultimately, all parties agreed that an instruction was not necessary because the appellant admitted to the $1,500.00 amount during the providency inquiry and the specification alleged $1,500.00, so the amount was not at issue. The end result of the discussion was a set of instructions that did not take into account the greater and lesser offenses contained within the offense of wrongful appropriation as determined by value. Accordingly, the members were never required to make a finding as to the greater or lesser of those offenses.

The military judge also prepared a findings worksheet. This worksheet provided the members with two options: guilty of the lesser included offense of wrongful appropriation or guilty of larceny, as charged. The worksheet also instructed the members that, if they found the appellant not guilty of the larceny, the president should announce: "SrA Warden, this court-martial finds you: Of the Specification: NOT GUILTY, but GUILTY *in accordance with your pleas* to the lesser included offense of wrongful appropriation and to the Charge GUILTY." (Emphasis added.) After deliberations in which the members found the appellant not guilty of larceny, the president dutifully announced their findings in accordance with the language provided.

After the presentation of evidence on sentencing, the military judge and counsel discussed sentencing instructions. During that Article 39a, UCMJ session, government counsel contended that the maximum allowable punishment included a BCD and six months confinement. Their position was based on the testimony of the witness who stated that she gave the appellant more than $500.00. The trial defense counsel disagreed and pointed out that "the essential finding here is based upon her *Care* inquiry" and that the military judge had already determined the maximum punishment for the offense to which the appellant pled guilty. Trial defense counsel stated that the evidence on the greater value occurred after that. The military judge agreed with government counsel that the maximum was based on the evidence that the appellant received more than $500.00 from the first witness and instructed the members accordingly. Trial defense counsel raised this decision as a legal error during post-trial processing. The Staff Judge Advocate, in his recommendation, relied on the military judge's ruling. Appellate defense counsel has now carried the allegation of error forward to this Court.

*Discussion*

There is ample evidence in the record that the appellant committed the offense of wrongful appropriation of a value greater than $500.00. However, that was not what the members found. The question of value was never put to the members. They were not asked to determine whether the appellant was guilty of the greater or lesser of the offense of wrongful appropriation, only whether the appellant had committed larceny. They found that she had not. Once this determination was made, their only choice, as provided on the findings worksheet, was to find her guilty in accordance with her plea which was to wrongful appropriation of a value of $500.00 or less. Although there is sufficient evidence of the greater amount, this was not part of the appellant's plea and, therefore, not part of the members' findings. Those findings cannot be supplemented after the fact with a different value determination any more than the finding can be changed to larceny, after the fact, even though there was evidence of larceny at trial. The appellant was convicted of wrongful appropriation of a value of $500.00 or less and the maximum punishment must be one authorized by that offense. Whether the operation of R.C.M.

1003(d) would have resulted in a punishment that included a BCD is moot. The appellant pled to the offense based on a punishment that did not include a punitive discharge. To try and add a punitive discharge later would undermine the providency of the plea. Having found the appellant guilty in accordance with her plea, the maximum punishment is limited to that which she reasonably understood to be a possible consequence of her plea. That did not include a BCD. Accordingly, the adjudged BCD was not an authorized punishment in this case and must be set aside.

Although the appellant has requested a rehearing on sentencing, we do not believe that a rehearing is needed. If we can determine that, "absent the error, the sentence would have been at least of a certain magnitude," then we "may cure the error by reassessing the sentence instead of ordering a sentence rehearing." *United States v. Doss,* 57 M.J. 182, 185 (C.A.A.F.2002) (citing *United States v. Sales,* 22 M.J. 305, 307 (C.M.A. 1986)). We can make such a determination here. After carefully reviewing the record of trial, we are absolutely convinced beyond a reasonable doubt the members would have imposed at least reduction to the grade of E–1 in the absence of error. *See Doss,* 57 M.J. at 185. Additionally, any sentence adjudged in a rehearing would be limited to that approved by the convening authority. R.C.M. 810(d)(1). The only other element of the sentence that was adjudged and approved was reduction to E–1, so any sentence on rehearing would be limited to reduction to E–1. Accordingly, under the criteria set out in *Sales,* we reassess the sentence as follows: reduction to E–1. Under the circumstances, we find this sentence to be appropriate for the appellant and her crime. *United States v. Peoples,* 29 M.J. 426, 427–28 (C.M.A.1990); *United States v. Snelling,* 14 M.J. 267, 268 (C.M.A.1982).

### Conclusion

The findings and the sentence, as reassessed, are correct in law and fact, and no other error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed,* 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the findings and the sentence, as reassessed, are

AFFIRMED.