# CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist TIMOTHY E. LEWIS**
**United States Army, Appellant**

ARMY 20120797

Headquarters, Fort Riley
Jeffery Nance*, Military Judge
Lieutenant Colonel John A. Hamner, Staff Judge Advocate

For Appellant:  Major Richard E. Gorini, JA; Captain Robert Feldmeier, JA (on brief).

For Appellee:  Major Robert A. Rodrigues, JA (on brief).

27 February 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

KRAUSS, Judge:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas of, false official statement, selling military property, and larceny of military property in violation of Articles 107, 108, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 908, 921 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to be discharged from the service with a bad-conduct discharge, restriction to the limits of Fort Riley for forty-five days, hard labor without confinement for forty-five days, and reduction to the grade E-1.  The convening authority approved only so much of the sentence that included a bad-conduct discharge and reduction to the grade E-1.

The case is before the court for review under Article 66, UCMJ.  Appellant personally raises several matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), one of which merits brief discussion.  Appellant stands convicted of stealing certain simulator hand grenades, smoke grenades, one case of .50 caliber rounds, and one case of 5.56 mm rounds and separately convicted of selling the .50

*Corrected

caliber and 5.56 mm rounds.  The government argued and the judge and defense counsel accepted that the rounds alleged were explosives.  In *Grostefon*, appellant avers that ammunition is not an explosive.

We agree with appellant's assertion that .50 caliber and 5.56 mm rounds of ammunition are not explosives for the purposes of Articles 108 and 121, UCMJ.  *See United States v. Graham*, 691 F.3d 153, 161 (2d Cir. 2012) (interpreting the definition of explosive under 18 U.S.C. § 844(j)); Rule for Courts-Martial 103(11) & analysis at A21-4 (signifying that the definition of "explosive" under the Manual for Courts-Martial is the same as the definition under 18 U.S.C. § 232(5) and § 844(j) for "explosive").  Because appellant did in fact steal explosives, as well as the rounds alleged, we need not upset his plea to the specification of Charge I, encompassing both, for violating Article 121, UCMJ.  In any event, theft of military property valued over $500.00 and theft of explosives carry the same maximum punishment.  *Manual for Courts-Martial*, *United States* (2008 ed.) [hereinafter *MCM*], pt. IV, ¶ 46.e.(1)(c).  Since the ammunition that was the subject of Charge II was military property valued at more than $500.00, and appellant pleaded providently to the charge of wrongful sale of same, relief beyond excise of the term "explosives" from the specification of Charge II is unwarranted.  *See MCM*, pt. IV, ¶ 32.e.(1)(b) (sale of explosives and military property over $500 carry the same maximum punishment). *See also United States v. Rupert*, 25 M.J. 531, 533 (A.C.M.R. 1987); *MCM*, pt. IV, ¶ 32.e., analysis at A23-9 & 10.  *See generally United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

**CONCLUSION**

On consideration of the entire record and those matters personally raised by appellant pursuant to *Grostefon*, the Court affirms only so much of the finding of guilty of Charge II and its specification that appellant did, at or near Fort Riley, Kansas, between on or about 1 December 2009 and on or about 31 January 2010, without proper authority, sell to an unknown person, one case .50 caliber rounds and one case 5.56 rounds, military property of the United States.  The remaining findings of guilty are AFFIRMED.  Reassessing the sentence on the basis of the matters noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the approved sentence is AFFIRMED.

Senior Judge YOB and Judge BURTON concur.

2



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court