# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant SHAWN M. HINES**
**United States Army, Appellant**

ARMY 20120024

Headquarters, 101st Airborne Division (Air Assault) and Fort Campbell
Timothy Grammel , Military Judge
Lieutenant Colonel Jeff A. Bovarnick, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Lieutenant Colonel Charles C. Choi, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Katherine S. Gowel, JA; Captain Daniel D. Maurer, JA (on brief).

24 May 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a general court-martial, convicted appellant, pursuant to his pleas, of two specifications of false official statement, two specifications of larceny of military property of a value more than $500.00, and one specification of wrongful appropriation of military property of a value more than $500.00 in violation of Articles 107 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 907 and 921 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for three months, total forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved all but the forfeitures of the adjudged sentence.

This case is before the court for review under Article 66, UCMJ.  Appellant asserts that the military judge erred by accepting his plea to larceny of over $500.00 of military property when he providently pled only to larceny of less than $500.00 of

military property.  We agree and find that appellant providently pleaded guilty to larceny and wrongful appropriation of military property of a value less than $500.00 under the circumstances.

On 27 May 2008, while he was stationed at Fort Bragg, North Carolina, appellant's divorce became final.  Because he had no other dependents, on that date appellant was no longer entitled to receive Basic Allowance for Housing at the with-dependent rate (BAH-WITH).  However, appellant failed to present his divorce decree to the proper authorities and as a result, he continued to receive BAH-WITH each month until 19 October 2010, when he arrived on Permanent Change of Station (PCS) at Fort Campbell, Kentucky.

While appellant was still stationed at Fort Bragg, he deployed to Afghanistan from 21 April 2009 to 8 June 2010.  When he arrived in Afghanistan, appellant completed a DD Form 1561, "Statement to Substantiate Payment of Family Separation Allowance."  On this form, he falsely certified that he was not divorced or legally separated from his spouse.  As a result, each month, appellant received Family Separation Allowance (FSA) during his fourteen-month deployment, despite the fact that he did not have any dependents at the time.

Upon arrival at Fort Campbell on 20 October 2010, appellant submitted a DA Form 5960, "Authorization to Start, Stop, or Change Basic Allowance for Quarters" and a DD Form 1351-2, "Travel Voucher."  On both documents, he falsely indicated that he was married.  As a result, appellant received BAH-WITH each month from 19 October 2010 until 18 April 2011.

The government charged each of the offenses described above as continuing crimes, aggregating the total amount of money involved to allege larceny and wrongful appropriation in an amount over $500.00.[1]  While the accused admitted to taking the amounts alleged, both the stipulation of fact and providence inquiry reveal that appellant understood he was entitled to receive the BAH without-dependent rate for the period in question; that the difference between the with and without-dependent rate is less than $500.00 per month; and that the amount of FSA received was less than $500.00 per month.

---

[1] If we exclude forfeitures: The maximum punishment for larceny of military property over $500.00 includes a dishonorable discharge and ten years confinement. The maximum for larceny of $500.00 or less includes a bad-conduct discharge and 1 year confinement.  The maximum punishment for wrongful appropriation of military property of more than $500.00 includes a bad-conduct discharge and six months confinement; that of wrongful appropriation of less than $500.00 is only 3 months confinement.

The stipulation of fact states that at both Fort Bragg and Fort Campbell appellant would have been entitled to the BAH without-dependent rate. During the providence inquiry appellant repeatedly stated that he understood that he was not entitled to BAH-WITH in a fashion expressing the understanding that he was entitled to BAH without-dependent rate. The judge never satisfactorily resolved the inconsistency between appellant's pleas to the entire amount in light of his apparent entitlement to a lesser amount. The only thing the judge established was that appellant never properly applied for the allowance at the without-dependent rate.

We reject the approach of the Navy and Marine Corps Court of Criminal Appeals and find that theft of BAH, under these circumstances, amounts to a separate larceny each month the money is received. *See United States v. Rupert*, 25 M.J. 531, 532 (A.C.M.R. 1987); *contra United States v. Lepresti*, 52 M.J. 644, 653 (N.M. Ct. Crim. App. 1999) (describing this type of theft as a continuing larceny of an aggregated amount).[2] "For an accused to be convicted of larceny of property having a value of over [$500.00], the record must show either that one item of the property stolen has such a value or that several items taken at substantially the same time and place have such an aggregate value." *United States v. Christensen*, 45 M.J. 617, 619 (Army Ct. Crim. App. 1997) (quoting *Rupert*, 25 M.J. at 532). *See also United States v. Harding*, 61 M.J 526, 528 (Army Ct. Crim. App. 2005). Here appellant never satisfactorily admitted to a single larceny in an amount over $500.00 and only providently admitted to a series of separate larcenies each in an amount less than $500.00 and each, at a month apart, at substantially different times. Therefore, we approve findings of guilty to reflect that lower amount. *Id.*[3]; *United States v. Hayes*, 70 M.J. 454, 458 (C.A.A.F. 2012); *United States v. Phillippe*, 63 M.J. 307, 309 (C.A.A.F. 2006); UCMJ art. 45(a); Rule for Court-Martial [hereinafter R.C.M.] 910(h)(2).

Though the maximum amount of confinement available to impose is therefore reduced from 30 years, 6 months to 12 years, 3 months, under the specific circumstances of this case, a rehearing on sentence is unwarranted. *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). The aggravating factor of the total amount of money taken was properly before the court-martial, and appellant received punishment far below the maximum authorized at the lesser amount of money. Reassessing the sentence on the basis of the errors noted, the entire record, and in

---

[2] Decisions of our superior court relied upon by our sister court reveal cases where the appellant took monthly amounts that were each in excess of the value necessary to warrant the greater maximum punishment authorized. *See United States v. Helms*, 47 M.J. 1, 2 (C.A.A.F. 1997); *United States v. Bulger*, 41 M.J. 194 (C.M.A. 1994).

[3] When the government alleges separate larcenies on divers occasions, for example, the maximum punishment is defined by reference to the standard articulated in *Rupert*. We find the situation here to be analogous.

accordance with the principles of *Sales*, 22 M.J. 305, and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, we are confident that appellant would have received a sentence at least as severe as that approved.

## CONCLUSION

We have examined the entire record and the parties' briefs. We affirm only so much of the findings of guilty to Specification 1 of Charge II as states that appellant "[d]id at or near Fort Campbell, Kentucky, between on or about 19 October 2010 and on or about 18 April 2011, steal Basic Allowance for Housing entitlements, military property, of a value of less than $500.00, the property of the United States"; as to Specification 2 of Charge II as states appellant "[d]id, at or near Bagram Airfield, Afghanistan, and at or near Forward Operating Base Gardez, Afghanistan, between on or about 21 April 2009 and on or about 8 June 2010, steal Family Separation Allowance entitlements, military property, of a value less than $500.00, the property of the United States"; and as to Specification 3 of Charge II as states appellant "[d]id, at or near Fort Bragg, North Carolina, and at or near Bagram, Airfield, Afghanistan, and at or near Forward Operating Base Gardez, Afghanistan, between on or about 27 May 2008 and on or about 18 October 2010, wrongfully appropriate Basic Allowance for Housing entitlements, military property, of a value of less than $500.00, the property of the United States." The remaining findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4