# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 JOSHUA J. FULTON**
**United States Army, Appellant**

ARMY 20120432

Headquarters, Fort Riley
Jeffery R. Nance, Military Judge
Lieutenant Colonel John A. Hamner, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Brian J. Sullivan, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Katherine S. Gowel, JA; Major Daniel D. Maurer, JA (on brief).

27 June 2013

------------------------------
MEMORANDUM OPINION
------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of desertion terminated by apprehension, four specifications of failing to report, wrongful use of marijuana, larceny of military property of a value more than $500.00, larceny of other property of a value more than $500.00, and housebreaking, in violation of Articles 85, 86, 112a, 121, and 130, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 885, 886, 912a, 921, 930 (2012). The military judge sentenced appellant to a bad-conduct discharge, confinement for twenty-five months, and forfeiture of all pay and allowances. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for twenty months, and forfeiture of all pay and allowances. The convening authority also credited appellant with eighty days of confinement against the sentence to confinement.

This case is before us for review under Article 66, UCMJ. Appellant has raised one assignment of error alleging the military judge improperly found appellant guilty of Specification 2 of Charge I, which alleged larceny of property with a value of more than $500.00, without exceptions and substitutions to the specification. After reviewing the entire record, the submissions by the parties, and considering this sole assignment of error, we agree with appellant that the military judge committed error by finding appellant guilty of Specification 2 of Charge I, without modification, and we will take appropriate corrective action in our decretal paragraph.

During the providence inquiry concerning Specification 2 of Charge I, appellant admitted stealing various personal items belonging to his fellow soldiers from their barracks rooms at Fort Riley. Appellant admitted the total value of all the items he stole, and which were identified in the specification, exceeded $500.00. The maximum punishment for larceny of personal property of another includes six months of confinement if the property is valued at less than $500.00, but includes five years of confinement if the property is valued at more than $500.00. *Manual for Courts-Martial, United States* (2012 ed.) [hereinafter *MCM*], Pt. IV, ¶ 46.e.(1)(b), 46.e.(1)(d)

A single larceny occurs when items are taken at substantially the same time and place. *United States v. Rupert*, 25 M.J. 531, 532 (A.C.M.R. 1987); *MCM*, pt. IV, ¶ 46.c.(1)(h)(ii). The evidence was clear, as the government conceded at trial, the larcenies of the various items, charged together in this one specification, took place in different barracks rooms. As such, the larcenies occurred in different locations and the military judge correctly found that appellant's larceny of property from each individual barracks room must be considered as a separate larceny offense.

The military judge recognized there was nothing in the record to indicate the value of the property taken in any one of the separate larcenies, charged in Specification 2 of Charge I, exceeded $500.00. Based on this, he properly held the government had the discretion to charge these separate larcenies within one specification, but the value of the property stolen in these separate offenses could not be aggregated to exceed the $500.00 threshold necessary for a higher possible maximum punishment.

The judge's ruling prohibiting aggregation is supported by long established precedent from this court holding that "the larcenies of property from different locations on different dates are separate crimes and cannot be combined into one specification as a single larceny in order to aggregate the value of the property stolen to a larger sum and thereby raise the maximum imposable punishment." *Rupert*, 25 M.J. at 532. In addition, "for an accused to be convicted of larceny of property having a value of over [$500.00], the record must show either that one item

of the property stolen has such a value or that several items taken at substantially the same time and place have such an aggregate value." *United States v. Christensen*, 45 M.J. 617, 619 (Army Ct. Crim. App. 1997) (quoting *Rupert*, 25 M.J. at 532); *see also United States v. Harding*, 61 M.J 526, 528 (Army Ct. Crim. App. 2005).[1]

After the military judge prohibited aggregation of the values of the separate larcenies, he then announced he would treat the separate larcenies alleged in the one specification as separate offenses for purposes of calculating a maximum punishment. He found Specification 2 of Charge I alleged seven separate larcenies of property with a value of less than $500.00. Based on this, he determined the maximum sentence to confinement for each separate larceny offense was six months. The military judge then calculated the maximum punishment for this one specification to include three years and six months of confinement. We find the military judge's reasoning and calculation to be in error.

When multiple separate larceny offenses are alleged in one specification, the maximum punishment is determined by treating this as a violation of the single, largest, larceny offense to which the accused has been found guilty within that specification. *Rupert*, 25 M.J. at 532.[2] In this case, the maximum punishment to which appellant was exposed, for the finding of guilty to Specification 2 of Charge I, was based on a single offense of larceny of some value less than $500.00. Thus, the maximum punishment under this specification should have included a maximum of six months of confinement, rather than three and one-half years.

As a result of this error, the calculation by the military judge and the parties that appellant's maximum punishment for all charges and specifications was twenty-

[1] There is currently a split amongst the service courts of criminal appeals, acknowledged by the Navy and Marine Court of Criminal Appeals recently in *United States v. Campbell*, __ M.J. ___ (N.M. Ct. Crim. App. 30 May 2013), as to whether the value of property stolen in separate larcenies, alleged in the same specification, may be aggregated to achieve a higher possible maximum punishment. The Navy and Marine Court of Criminal Appeal's opinion makes it clear that precedent of the Army Court of Criminal Appeals supports the rationale for our holding in this case. We also recognize this divergence between our precedent and that of our sister courts. No opinion of our higher courts contradicts precedent upon which we rely in this opinion.

[2] This same reasoning does not apply to a single specification alleging multiple, separate offenses of making, drawing or uttering a check, draft, or order without sufficient funds under Article 123a, UCMJ. Our superior court has held that when the government includes several bad check offenses in one specification, each check offense for which there is a finding of guilty is used to calculate the maximum punishment under the specification. *United States v. Mincey*, 42 M.J. 376 (C.A.A.F. 1995). Our superior court has not held this principal to apply in larceny cases.

FULTON – ARMY 20120432

three years and ten months of confinement was incorrect. The correct maximum punishment should have been twenty years and ten months of confinement.

In determining the effect of the noted errors in both the findings and on the maximum punishment, we note that the scope of the larcenies appellant stands convicted of has not changed and was still properly before the military judge.

CONCLUSION

On consideration of the entire record, and appellant's assignment of error, we amend and affirm only so much of the finding of guilty of Specification 2 of Charge I as finds that the appellant "on or about 11 February 2012, at or near Fort Riley, Kansas, steal bottles of alcohol, knives, an Xbox video game console, Xbox games, battery packs for an Xbox video game console, two iPod digital music players, a wireless mouse, an external hard drive, and a BB gun, of a value of less than $500.00, the property of unknown persons." The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the matters noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the sentence as approved by the convening authority is AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4