# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist TYWAN J. MITCHELL**
**United States Army, Appellant**

ARMY 20130033

Headquarters, 8th Theater Sustainment Command
David L. Conn, Military Judge
Colonel Paul T. Salussolia, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Robert H. Meek, III, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Steven J. Collins, JA; Captain Benjamin W. Hogan, JA (on brief).

31 October 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

PENLAND, Judge:

An officer panel sitting as a general court-martial convicted appellant, contrary to his pleas, of conspiracy to commit burglary; conspiracy to commit housebreaking; false official statement; aggravated sexual assault of a child; four specifications of indecent acts; adultery; and wrongful receipt of stolen property of a value of over $500, in violation of Articles 81, 107, 120, and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 891, 907, 920, 934 (2006 & Supp. IV 2011). The panel sentenced appellant to a dishonorable discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority credited appellant with five days against the sentence to confinement and approved the adjudged sentence.

This case is before us for review under Article 66, UCMJ. Appellant raises three assignments of error, two of which merit discussion and one of which merits relief. Appellant's matters submitted personally pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.

**FACTUAL AND LEGAL INSUFFICIENCY**

Appellant was convicted of Specification 1 of Charge II, which alleged:

> In that [appellant] did, on the island of Oahu, between on or about 21 April 2012 and on or about 7 May 2012, wrongfully receive the following property, of a value of about the following amount, the property of the following people, which property, the accused then knew had been stolen, and that said conduct was to the prejudice of good order and discipline in the armed forces and was of a nature to bring discredit upon the armed forces.

> Name:  SPC [SS]
> Property:  Apple MacBook Laptop and one watch
> Value:  over $500

> Name:  2LT [JB]
> Property:  Xbox 360, eleven Xbox 360 video games, two laptop computers, and nine Blu-Ray movies
> Value:  over $500

> Name:  Mrs. [ET]
> Property:  Nintendo 3DS, Kindle Fire, nine rings, two necklaces, four bracelets, three pairs of earrings, two earrings, two necklaces, a watch, and a jewelry box
> Value:  over $500

> Name:  Mrs. [KR]
> Property: Playstation 3, two necklaces, and two Mississippi University class rings
> Value:  over $500

> Name:  LTC [RG]
> Property:  46 inch Sony television, television remote control, Apple iPad, one ring, one bracelet, and one pair of earrings
> Value:  over $500

> Name:  LTC [PF]
> Property:  Xbox 360, iPod Touch, Nintendo DS, twelve Nintendo DS video games, six Xbox 360 video games, two Airsoft guns, five pairs of earrings, two earrings, one Pendant, and one ring
> Value:  over $500

> Name:  Mrs. [JL]
> Property:  iPod Touch, 48 pairs of earrings, 8 earrings, 32 necklaces, 43 bracelets, 13 rings, 19 pendants, 3 watches, and a silver crown design with diamonds decorative piece
> Value:  over $500
>
> Name:  SGT [JC]
> Property:  BOSE speakers, 52 inch Samsung television, television remote control, and three Xbox controllers
> Value:  over $500

Our examination reveals obvious evidentiary shortfalls with respect to Specification 1 of Charge II.[1]  The test for legal sufficiency is whether, considering all of the evidence in the light most favorable to the government, a reasonable fact-finder could have found all of the essential elements of the offense beyond a reasonable doubt.  *United States v.Winckelmann*, 70 M.J. 403, 406 (C.A.A.F. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  The test for factual sufficiency is whether, after weighing the evidence and making allowances for not having personally observed the witnesses, this court is convinced of appellant's guilt beyond a reasonable doubt.  *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).

The officer panel in this case returned a verdict of guilty to this specification, without exception.  However, there was no direct or circumstantial evidence of the following at trial:  that appellant received any stolen property belonging to SPC SS, Mrs. KR, or Mrs. JL;[2] that appellant received a stolen Nintendo 3DS and more than two stolen necklaces belonging to Mrs. ET; or that appellant received a Nintendo DS and more than three stolen Nintendo DS video games belonging to LTC PF.  The findings of guilty to these portions of Specification 1 of Charge II are wholly unsupported by the evidence and thus legally insufficient.  We are left to wonder how the guilty verdict of this specification in its entirety withstood the scrutiny of the military judge, staff judge advocate, and convening authority during post-trial processing.

The government alleged that appellant wrongfully received stolen property of a value exceeding $500.  We find the evidence of this element factually insufficient.  The property's value at the time of its alleged wrongful receipt is a fundamental element of

---

[1] As an example, in an Article 39(a) session, upon motion of the trial counsel and without defense objection, the military judge allowed trial counsel to preadmit photographs of various stolen property alleged to be found in appellant's quarters.  No evidence was elicited before the members regarding when and where these photographs were taken.

[2] SPC SS, Mrs. KR, and Mrs. JL did not testify at trial.

this offense, but the government's evidence of value consisted almost entirely of Amazon.com "shopping cart" printouts and related testimony indicating the replacement costs of certain electronic items. The evidence at trial included virtually no evidence, direct or otherwise, of the stolen property's condition at the time of theft. With scant evidence of this element, we are not convinced beyond a reasonable doubt that the stolen property appellant received was of a value in excess of $500.00. Therefore, we will only affirm as much of the conviction as provides that appellant received certain stolen property of some value. *See United States v. Rupert*, 25 M.J. 531, 532-33 (A.C.M.R. 1987); *United States v. Tamas*, 6 U.S.C.M.A. 502, 510-11, 20 C.M.R. 218, 226-27 (1955).

## UNREASONABLE MULTIPLICATION OF CHARGES

Appellant engaged in sexual and sodomitic acts with SB, DW, and JV, while in each other's presence. SB was under the age of 16. This conduct formed the bases of appellant's conviction of Charge III and its specifications (violations of Article 120, UCMJ) which alleged: aggravated sexual assault of a child, SB; indecent act for the same sexual act with SB; indecent act for a sexual act with DW; indecent act for a sexual act with JV; and indecent act for a sodomitic act with JV.

Appellant alleges unreasonable multiplication of charges with regard to these five specifications. We agree in part and, applying the factors in *United States v. Quiroz*, 55 M.J. 334, 338-39 (C.A.A.F. 2001) and considering Rule for Courts-Martial 307(c)(4), we conclude that Specification 2 of Charge III constitutes an unreasonable multiplication of charges for findings with Specification 1 of Charge III. Specifications 3, 4, and 5, however, address fundamentally independent acts of indecency; a conviction for each is not inconsistent with *Quiroz*.

## CONCLUSION

The Court affirms only so much of the finding of guilty of Specification 1 of Charge II as provides that:

> In that Specialist Tywan J. Mitchell, U.S. Army, did, on the island of Oahu, between on or about 21 April 2012 and on or about 7 May 2012, wrongfully receive the following property, of a value of about the following amount, the property of the following people, which property, the accused then knew had been stolen, and that said conduct was to the prejudice of good order and discipline in the armed forces and was of a nature to bring discredit upon the armed forces.

4

> Name: 2LT JB
> Property: Xbox 360, eleven Xbox 360 video games, two laptop computers, and nine Blu-Ray movies
> Value: some value
>
> Name: Mrs. ET
> Property: Kindle Fire, nine rings, two necklaces, four bracelets, three pairs of earrings, two earrings, a watch, and a jewelry box
> Value: some value
>
> Name: LTC RG
> Property: 46 inch Sony television, television remote control, Apple iPad, one ring, one bracelet, and one pair of earrings
> Value: some value
>
> Name: LTC PF
> Property: Xbox 360, iPod Touch, three Nintendo DS video games, six Xbox 360 video games, two Airsoft guns, five pairs of earrings, two earrings, one Pendant, and one ring
> Value: some value
>
> Name: SGT JC
> Property: BOSE speakers, 52 inch Samsung television, television remote control, and three Xbox controllers
> Value: some value

The finding of guilty of Specification 2 of Charge III is set aside and dismissed. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 16-17 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986), the sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Senior Judge LIND and Judge KRAUSS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5