**CORRECTED COPY**

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant MALCOLM S. FIAME**
**United States Army, Appellant**

ARMY 20140472

Headquarters, III Corps and Fort Hood
Gregory Gross, Military Judge
Colonel Tania M. Martin, Staff Judge Advocate

For Appellant: Major Yolanda McCray Jones, JA; Captain Brian J. Sullivan, JA.

For Appellee: Pursuant to A.C.C.A. Rule 15.2, no response filed.

22 January 2015

---------------------------------
OPINION OF THE COURT
---------------------------------

LIND, Senior Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of conspiracy to sell military property without authority; one specification of unauthorized sale of military property of a value greater than $500.00 on divers occasions; and one specification of larceny of military property of a value greater than $500.00 on divers occasions in violation of Articles 81, 108, and 121, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 881, 908, 921 (2012). The military judge sentenced appellant to a bad-conduct discharge, confinement for seven months, forfeiture of $1,021.00 pay per month for seven months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

This case is before the court for review pursuant to Article 66, UCMJ. Appellant submits the case on its merits. After review of the entire record, we find a substantial basis in law and fact to question appellant's pleas of guilty to the value

element of both the Specification of Charge III (larceny of military property of a value greater than $500.00 on divers occasions) and Specification 1 of Charge II (unauthorized sale of military property of a value greater than $500.00 on divers occasions). We will provide relief in our decretal paragraph.

## LAW & DISCUSSION

During the providence inquiry concerning the Specification of Charge III and Specification 1 of Charge II, appellant admitted to stealing and selling various items of military property on divers occasions. Appellant admitted that the total value of all of the items he stole and later sold exceeded $500.00 for each specification.

In cases of larceny, the value of the property controls the maximum punishment which may be adjudged. *Manual for Courts-Martial, United States* [hereinafter *MCM*] (2012 ed.), pt. IV, ¶ 46.e.(1). If multiple items are stolen "at substantially the same time and place," it is proper to aggregate the value of those items and charge the theft in one specification. *United States v. Hines*, 73 M.J. 119, 123 (C.A.A.F. 2014) (quoting *MCM* (2008 ed.), pt. IV, ¶ 46.c.(1)(h)(ii)); *see also MCM* (2012 ed.), pt. IV, ¶ 46.c.(1)(i)(ii). For an accused to be convicted of larceny of property of a value greater than $500.00, "the record must show either that one item of the property stolen has such a value or that several items taken at substantially the same time and place have such an aggregate value." *United States v. Harding*, 61 M.J. 526, 528 (Army Ct. Crim. App. 2005) (quoting *United States v. Christensen*, 45 M.J. 617, 619 (Army Ct. Crim. App. 1997)); *see also United States v. Rupert*, 25 M.J. 531, 532 (A.C.M.R. 1987); *cf. Hines*, 73 M.J. at 121 (holding that larceny and wrongful appropriation of Basic Allowance for Housing pay over several months was properly aggregated because "[t]he formulation of a plan or scheme or the setting up of a mechanism which, when put into operation, will result in the taking or diversion of sums of money on a recurring basis, will produce but one crime.") (citation omitted).

Similarly, in cases involving the unauthorized sale of military property and damage of property other than military property (violations of Articles 108 and 109, UCMJ, respectively), the value of the property controls the maximum punishment an accused faces. *MCM* (2012 ed.), pt. IV, ¶¶ 32.c.(3), 33.c.(3). However, the *MCM* contains no guidance as to whether or when it is proper to aggregate the value of military property that is wrongfully sold or damaged.

Our superior court has previously applied the "same time and place" value aggregation principle of larceny to a violation of Article 109, UCMJ, damage to nonmilitary property. *United States v. Collins*, 16 U.S.C.M.A. 167, 169, 36 C.M.R.

FIAME—ARMY 20140472

323, 325 (1966).[1] In *Collins*, the Court of Military Appeals held that "when several articles of property are damaged, in violation of Article 109, under circumstances indicating only a single incident or transaction, the damage must be alleged as part of one offense." *Id.* (citations omitted).

Our court has applied the same value aggregation principle to the Article 134, UCMJ, offense of obtaining services by false pretenses, a crime that by its very nature is "similar to . . . larceny." *United States v. Oki*, ARMY 20050114, 2006 CCA LEXIS 431, at *6-8 (Army Ct. Crim. App. 28 Jun. 2006) (mem. op.) (per curiam) (quoting *MCM* (2005 ed.), pt. IV, ¶ 78.c) (holding that "the prohibition against aggregation of value that applies to larceny, likewise applies to obtaining services by false pretenses.").

Finally, our court and the Air Force Court of Criminal Appeals, in unpublished opinions, have applied the same value aggregation principle to a violation of Article 108, UCMJ, unauthorized sale of military property. *See United States v. Allen*, ARMY 20030495, 2006 CCA LEXIS 400 (Army Ct. Crim. App. 1 Jun 2006) (mem. op.); *United States v. Pelaccio*, ARMY 20130815, 2014 CCA LEXIS 450 (Army Ct. Crim. App. 24 Jun 2014) (summ. disp.) (per curiam); *United States v. Jackson*, ACM S31116, 2007 CCA LEXIS 337 (A.F. Ct. Crim. App. 31 Aug 2007); *see also United States v. Wakeman*, 25 M.J. 644, 645-46 (A.C.M.R. 1987) (per curiam) (implicitly endorsing the trial judge's application of the value aggregation principle to the Article 108, UCMJ, offense of unauthorized sale of military property).

The analyses by our superior court, our sister court, and this court—applying the same value aggregation principle to the various offenses against property—is persuasive. We find nothing in our review of the text of Article 108, UCMJ, or its

---

[1] The court relied in part on paragraph 200*a*(7) of the *MCM* (1951 ed.), which contained virtually identical language to paragraph 46.c.(1)(i)(ii) of the *MCM* (2012 ed.):

> When a larceny of several articles is committed at substantially the same time and place, it is a single larceny even though the articles belong to different persons. Thus, if a thief steals a suitcase containing the property of several individuals or goes into a room and takes property belonging to various persons, there is but one larceny, which should be alleged in but one specification.

*MCM* (1951 ed.), ch. XXVIII, ¶ 200*a*(7).

3

legislative history (to include that of its predecessor Articles of War 83 and 84) that would argue against application of the larceny principles for computation of value, to include the value aggregation principle, to Article 108, UCMJ.

We, therefore, hold that the value aggregation principle applicable to larceny is also applicable to the unauthorized sale of military property under Article 108, UCMJ.

We now turn to our review of the providence inquiry in appellant's case. A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion. *United States v. Schell*, 72 M.J. 339, 345 (C.A.A.F. 2013) (citing *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008)). A guilty plea will only be set aside if we find a substantial basis in law or fact to question the plea. *Id.* (citing *Inabinette*, 66 M.J. at 322). The court applies this "substantial basis" test by determining whether the record raises a substantial question about the factual basis of appellant's guilty plea or the law underpinning the plea. *Inabinette*, 66 M.J. at 322; *see also* UCMJ art. 45(a); Rule for Courts-Martial [hereinafter R.C.M.] 910(e); *United States v. Weeks*, 71 M.J. 44, 46 (C.A.A.F. 2012) ("It is an abuse of discretion for a military judge to accept a guilty plea without an adequate factual basis to support it . . . [or] if the ruling is based on an erroneous view of the law."). In order to establish an adequate factual predicate for a guilty plea, the military judge must elicit "factual circumstances as revealed by the accused himself [that] objectively support that plea . . . ." *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980).

In this case, the providence inquiry and the stipulation of fact established that the *total* value of the items stolen by appellant on divers occasions exceeded $500.00 and that the *total* value of the items sold by appellant on divers occasions exceeded $500.00. However, neither the stipulation of fact nor the providence inquiry established either that: (1) any item listed in the specifications had a value greater than $500.00, or (2) that the value of all of the items stolen or sold at any one time and place was greater than $500.00. Given the military judge's failure to elicit a factual basis that appellant on divers occasions stole or sold military property of a value greater than $500.00 and the resulting improper aggregation of the value of the separate larcenies and unauthorized sales of military property, we find a substantial basis in law and fact to question the providence of appellant's plea to the larceny and unauthorized sale of military property of a value greater than $500.00.

FIAME—ARMY 20140472

**CONCLUSION**

We affirm only so much of Specification 1 of Charge II as provides:

> In that Sergeant Malcolm S. Fiame, U.S. Army, did, at or near Killeen, Texas, on divers occasions, between on or about 1 January 2013 and on or about 13 November 2013, without proper authority, sell to Mr. N.N. (a.k.a. "Mike") some voltage meters, some printer ink cartridges, some fire extinguishers, some hand tools, a table saw, some vehicle jacks, some helmet pads, some chin straps, and some Multiband Inter/Intra Team Radio pouches, of some value, military property of the United States.

We affirm only so much of the Specification of Charge III as provides:

> In that Sergeant Malcolm S. Fiame, U.S. Army, did, at or near Fort Hood, Texas, on divers occasions, between on or about 1 January 2013 and on or about 13 November 2013 steal some voltage meters, some printer ink cartridges, some fire extinguishers, some hand tools, a table saw, some vehicle jacks, some helmet pads, some chin straps, and some Multiband Inter/Intra Team Radio pouches, some antennas, and some night sights, military property, of some value, the property of the U.S. Army.

The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the entire record, and applying the principles of *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986) and the factors set forth in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we are confident the military judge would have adjudged the same sentence absent the errors noted.

There is no dramatic change in the penalty landscape or exposure. *See Winckelmann*, 73 M.J. at 15-16. While appellant's theoretical maximum sentence to confinement would be reduced from thirty years to twelve years,[2] this case was tried

---

[2] The maximum punishment for the unauthorized sale of military property of a value less than $500.00 includes one year of confinement, but increases to ten years of confinement if the property is valued at more than $500.00. *MCM* (2012 ed.), pt. IV,

(continued . . .)

at a special court-martial where the sentence to confinement was limited to one year, so appellant's actual maximum sentence to confinement did not change. *See MCM* (2012 ed.), pt. IV, ¶¶ 5.e, 32.e.(1)(a)-(b), 46.e(1)(a),(c); UCMJ art. 19; R.C.M. 201(f)(2)(B). The gravamen of the offenses has not changed. *Winckelmann*, 73 M.J. at 16. The total value of the military property stolen and sold remains the same and was admissible as aggravation evidence before the military judge. *See id.* Finally, this court reviews the records of a substantial number of courts-martial involving larceny and the sale of military property, and we have extensive experience with the level of sentences imposed for such offenses under various circumstances. *See id.* The sentence is AFFIRMED. *All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Judge KRAUSS and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

(. . . continued)
¶ 32.e.(1)(a)-(b). The penalty scheme is the same for larceny of military property. *MCM* (2012 ed.), pt. IV, ¶ 46.e.(1)(a), (c).

*Corrected