# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, HAIGHT and MAGGS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant BRANDON E. GOFF**
**United States Army, Appellant**

ARMY 20140327

Headquarters, 7th Infantry Division
Timothy P. Hayes, Jr., Military Judge
Lieutenant Colonel Michael S. Devine, Staff Judge Advocate

For Appellant: Major Yolanda McCray Jones, JA; Major Candace N. White Halverson, JA.

For Appellee: Pursuant to A.C.C.A Rule 15.2 no response filed.

15 June 2015

----------------------------------
MEMORANDUM OPINION
----------------------------------

COOK, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of selling military property of a value of more than $500.00 without proper authority on divers occasions, wrongfully using a schedule IV controlled substance, stealing non-military property of a value of more than $500.00 on a single occasion, stealing military property of a value of more than $500.00 on divers occasions, housebreaking on divers occasions, one specification of false swearing involving one financial entity on divers occasions and an additional specification of false swearing to a different financial entity on a single occasion, in violation of Articles 108, 112a, 121, 130 and 134 Uniform Code of Military Justice, 10 U.S.C. §§ 908, 912a, 921, 930 and 934 [hereinafter UCMJ].

The military judge sentenced appellant to a bad-conduct discharge, nine months of confinement, and reduction to the grade of E-1. The convening authority approved only eight months and fifteen days of confinement, but otherwise approved the adjudged sentence.

This case is before us for review under Article 66, UCMJ. Appellant submitted the case upon its merits. However, based on our own review of the record, we find multiple issues that merit discussion and relief.

## BACKGROUND

Most of the charges in this case arose from appellant breaking into the bedroom of his suitemate, Sergeant (SGT) DS; stealing SGT DS's personal and military property; selling the stolen military property to two local businesses, The Foxhole and GI Surplus;[1] and falsely swearing in contracts he entered into with the two local pawnshops that he possessed good title to the stolen personal property which he was selling to them. Although a providence inquiry covering the guilty plea in this case would appear to be a routine matter, the inquiry initially failed to establish what the values of the items sold or stolen were on any one single occasion.

The military judge properly explained the elements of the offenses to which appellant pleaded guilty and defined the relevant terms. In discussing the two specifications of the Article 108, UCMJ, offense, appellant stated he had sold stolen military property to pawnshops called The Foxhole and GI Surplus and had done so on more than one occasion each. Although the inquiry established the value of the military property sold in toto to each establishment exceeded $500.00, it failed to establish that the value of any one item or the aggregate value of the property sold during a single transaction exceeded $500.00.

Likewise, when reviewing appellant's actions in reference to the Article 121, UCMJ, offense, in discussing Specification 2, Charge II,[2] the military judge established appellant had stolen military property on more than one occasion and that the total value of the property exceeded $500.00. However, once again the providence inquiry failed to establish the value of any individual stolen item or the aggregate value of items stolen during a single occurrence totaled more than $500.00 in value.

The other Article 121, UCMJ, specification alleged appellant stole non-military property of a value of more than $500.00 on a single occasion. However, the stipulation of fact in appellant's case stated that he stole the listed items "[o]ver the course of nearly a month." In addition, appellant began the colloquy concerning this specification by stating, "I'm guilty because on different occasions between 10

---

[1] Appellant also stole military property from two other soldiers and sold this property along with the military property he stole from SGT DS.

[2] The gist of the specification was that appellant stole military property of a value of more than $500.00 on divers occasions.

December 2013 and 9 January 2014 I took without permission items that belonged to SGT DS and the items [were] valued [at] more than $500." The providence inquiry, while again establishing the total value of the stolen property exceeded $500.00, failed to identify a single stolen item that exceeded $500.00 in value or any individual theft that involved stealing more than $500.00 worth of property.

It is clear from the record that after adjourning appellant's court-martial, the military judge, while reviewing the record of trial, recognized he had failed to properly address the property value issue. During the subsequent post-trial hearing he called pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 1102, the military judge stated the purpose of the hearing was to "correct an unintended omission," namely, that he:

> did not include in [the] providence inquiry with the [appellant] questions to establish that the value of at least one item or transaction in both of the specifications of Article 108 and the second specification of Article 121, were in excess of $500, where the accused was alleged to have committed the offenses on divers occasions.

The military judge, during his subsequent colloquy with appellant, proceeded to establish the value of the military property appellant had sold to The Foxhole exceeded $500.00 *on at least one occasion*. However, the military judge did so without addressing whether appellant committed the charged offense *on divers occasions*. Specifically, the military judge engaged in the following dialogue with appellant:

> MJ: Do you have any doubt in your mind that there was at least one occasion that you sold over $500.00 worth of military property to [T]he Foxhole?
>
> ACC: There is no doubt, Your Honor.
>
> . . . .
>
> MJ: And you did sell to [T]he Foxhole, military property, on more than one occasion, is that correct?
>
> ACC: Correct, Your Honor.
>
> MJ: But as far as you are concerned, there was at least one of those occasions the military property in question was worth more than $500.00?

3

ACC:  Yes, Your Honor.

The military judge then engaged in an identical colloquy with the appellant in establishing that the value of the military property appellant had sold to GI Surplus exceeded $500.00 on at least one occasion.  Again, however, the military judge did so to the exclusion of establishing appellant had sold more than $500.00 worth of military property on *divers* occasions.

The military judge then covered the Article 121, UCMJ, specification charging appellant with stealing more than $500.00 worth of military property on divers occasions.  Here, the inquiry established that on three separate occasions the value of the military property stolen on each of those occasions exceeded $500.00.

The military judge did not revisit the other Article 121, UCMJ, specification involving the theft of more than $500.00 worth of SGT DS's property during the hearing in revision.  The military judge concluded by reaffirming appellant's original findings of guilty.  He stated that he did not need to reassess his original sentence because "the sentence that was contemplated and adjudged was for the specifications as drafted."

## LAW AND DISCUSSION

For the reasons set forth below, we find a substantial basis in law and fact to only partially affirm the military judge's acceptance of appellant's guilty plea to Specifications 1 and 2 of Charge I and Specification 1 of Charge II.

We review a military judge's acceptance of an accused's guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008); *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996).  "In doing so, we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Inabinette*, 66 M.J. at 322.  "The military judge shall not accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea."  R.C.M. 910(e).  In order to establish an adequate factual predicate for a guilty plea, the military judge must elicit "factual circumstances as revealed by the accused himself [that] objectively support that plea . . . ." *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980).  If an accused sets up a matter inconsistent with the plea at any time during a guilty plea proceeding, the military judge must resolve the conflict or reject the plea.  UCMJ art. 45(a); *see also* R.C.M. 910(h)(2).

In cases of larceny, the value of the property controls the maximum punishment which may be adjudged. *Manual for Courts-Martial, United States* (2012 ed.), pt. IV, ¶47.e.  For an accused to be convicted of larceny of property of a

value greater than $500.00 "the record must show either that one item of the property stolen has such a value or that several items taken at substantially the same time and place have such an aggregate value." *United States v. Christensen*, 45 M.J. 617, 619 (Army Ct. Crim. App. 1997) (internal quotation marks and citation omitted); *see also United States v. Harding*, 61 M.J. 526, 528 (Army Ct. Crim. App. 2005). In addition, "the value aggregation principle applicable to larceny cases is also applicable to the unauthorized sale of military property under Article 108, UCMJ." *United States v. Fiame*, 74 M.J. 585, 587 (Army Ct. Crim. App. 2015).

It was therefore appropriate for the military judge to hold a post-trial Article 39(a), UCMJ, session to establish the value of the property charged in the Article 108 and 121, UCMJ, offenses. However, in establishing that each of the Article 108 offenses involved property worth more than $500.00 on "at least one occasion," the inquiry did not establish that the misconduct involved property worth more than $500.00 on two or more occasions: a finding necessary to convict someone of committing this offense on "divers occasions." *See id*. at 587-88. The military judge therefore abused his discretion in finding appellant guilty of the language "on divers occasions" in regards to the Article 108, UCMJ specifications. We will take appropriate action in our decretal paragraph to remedy this error.

In addition, regarding the Article 121 specification involving non-military property, as captured above, "the record must show either that one item of the property stolen has such a value or that several items taken at substantially the same time and place have such an aggregate value." *Christensen*, 45 M.J. at 619 (internal quotation marks and citation omitted). The record, pursuant to the stipulation of fact and appellant's statements during the providence inquiry, reflects appellant stole items from SGT DS's room multiple times over a month-long period. The inquiry did not establish the requisite factual predicate to support finding the value of one item or the aggregate value of items stolen at substantially the same time from one location exceeded $500.00. Multiple thefts over the course of a month do not necessarily occur at "substantially the same time." *See United States v. Schwin*, 73 M.J. 711, 714 (Army Ct. Crim. App. 2014). We therefore find the military judge abused his discretion in finding appellant guilty of the language "of a value of more than $500.00" and we will take appropriate action in our decretal paragraph.

### CONCLUSION

Upon consideration of the entire record, we approve and affirm only so much of Specifications 1 and 2, Charge I and Specification 1, Charge II that provides:

> Specification 1, Charge I: In that [appellant], U.S. Army, did, at near Lakewood, Washington, between on or about 19 August 2013 and on or about 24 August 2013, without proper authority, sell to The Foxhole, military property of

5

a value of more than $500.00, military property of the United States.

Specification 2, Charge I: In that [appellant], U.S. Army, did, at near Lakewood, Washington, between on or about 8 August 2013 and on or about 7 January 2014, without proper authority, sell to GI Surplus, military property of a value of more than $500.00, military property of the United States.

Specification 1, Charge II: In that [appellant], U.S. Army, did, at near Joint Base Lewis-McChord, Washington, between on or about 10 December 2013 and on or about 9 January 2014, steal one (1) Xbox 360, one (1) Play Station 3, five (5) pair of Oakley sunglasses, one (1) Toshiba Laptop, one (1) Kuerig coffee maker, one (1) Hovttech camera, one (1) Black & Decker drill, and one (1) Sony PSP, of some value, the property of Sergeant (E-5) D.H.S.

The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

In evaluating the *Winckelmann* factors, we first find no dramatic change in the penalty landscape that might cause us pause in reassessing appellant's sentence. Second, appellant was tried and sentenced by a military judge alone. Third, the nature of the remaining offenses still captures the gravamen of the original offenses. Finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with *Winckelmann,* 73 M.J. 11, and *Sales,* 22 M.J. 305, we AFFIRM only so much of the sentence as provides for a bad-conduct discharge, confinement for seven months, and reduction to the grade of E-1. We find this sentence purges the errors in appellant's case and is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

6

GOFF – ARMY 20140327

Judge HAIGHT and Judge MAGGS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court